JAMES G. JOHNSON, Respondent, *v.* THE NEW YORK AND PENNSYLVANIA TELEPHONE AND TELEGRAPH COMPANY, Appellant.

*Use of a street for telephone poles and wires without obtaining the consent of abutting owners of the fee thereof — distinction between the uses to which city streets and country highways may be put.*

A telegraph and telephone company, incorporated under chapter 265 of the Laws of 1848 and the various acts amendatory thereof, which obtains from the board of trustees of an incorporated village, having a population of several thousand inhabitants, the right to erect its poles and string its wires through a populous street in said village, the fee of which is in the abutting owners, will not be held on demurrer not to be entitled to exercise such right without obtaining the consent of such abutting owners, as the use of the street for such purpose may on the trial of the action be shown to be within the limits of the public easement therein.

In regard to the use to which they may be put, village streets are to be treated as city streets rather than as rural highways.

APPEAL by the defendant, The New York and Pennsylvania Telephone and Telegraph Company, from an interlocutory judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Cattaraugus on the 4th day of March, 1902, upon the decision of the court, rendered after a trial before the court without a jury, at the Cattaraugus Trial Term, sustaining the plaintiff's demurrer to the fourth count set up in the defendant's amended answer.

*J. Delevan Curtiss*, for the appellant.

*James G. Johnson*, respondent in person.

Hiscock, J. :

This appeal involves the question of the right of a telephone company to erect its poles in and string its wires through a street of an incorporated village without the consent of a property owner holding title to the middle of the street. By sustaining plaintiff's demurrer the court held adversely to said right.

This action was brought as one of ejectment, and the important facts, appearing from the complaint and answer demurred to and presenting the question above stated, are substantially as follows :

The village of Salamanca is an incorporated village and " has within its limits a population consisting of several thousand," and Broad street is " a populous street in the said village." Plaintiff is a landowner upon said street, holding title in fee to the center thereof. The defendant is a domestic corporation, duly incorporated under chapter 265 of the Laws of 1848 and the various acts amendatory thereof, and engaged in conducting a general telephone and telegraph business throughout the southern part of the State of New York and the northern part of the State of Pennsylvania. As a part of such business and system it has a telephone exchange and office in the village of Salamanca, which is also connected with a system operated by the Bell Telephone Company, which has exchanges and stations in nearly all cities and villages in the United States. The trustees of said village duly conferred upon defendant the right to place its line of poles and wires along Broad street in front of plaintiff's premises as part of its telephone system. Said board had general supervision and control over the streets of said village. There is no claim that it exercised its power in granting the defendant this permission in any unusual or improper way, or that defendant has been guilty of putting up its poles and wires in any such manner as to unnecessarily obstruct or interfere with the rights of plaintiff or the public in the street in question.

It is settled that the purported grant by the Legislature, in the acts under which defendant was incorporated and has acted, of the permission to telegraph and kindred companies to erect their poles and wires along streets and highways, does not in fact convey the right so to do unless such erections are within the limits of the public easement in said streets and highways, and it is also settled that the ownership by a property owner of the fee to the center of the

street or highway does not give him any additional right to prevent any such use of a street or highway provided the same is within the limits of such public easement. (*Eels* v. *A. T. & T. Co.*, 143 N. Y. 133.)

In considering what are the proper limits of lawful public use of a street or highway, a natural and well-defined distinction has been drawn by the courts between rural or country roads and city streets. It has been decided beyond question that public necessity requires the latter to be subjected to many purposes which would not be necessary or proper in the case of the former.

Passing upon the right of a telephone company like defendant to place its wires in a public street in a city, this court has fully held and decided that such right was within the limits of the public easement in a city street. (*Castle* v. *Bell Tel. Co.*, 49 App. Div. 437.)

In the classification of, and distinction to be drawn between, city streets and rural highways, the courts have treated village streets as more analogous and akin to the former than to the latter. (*Eels* v. *A. T. & T. Co.*, *supra*; *Castle* v. *Bell Tel. Co.*, *supra*.)

Such conclusion is a natural one. No fixed and arbitrary line upon the subject of public uses and necessities can be drawn between the streets of a city and a village. The more populous the latter becomes the more extensive will be its public needs and the demand for public conveniences. In a smaller degree than in the case of a large city, its streets will always, in the natural course of events, be subjected to greater public demands and uses than the ordinary rural highway.

Therefore, many of the arguments which were employed in the solution of the question presented to this court in the *Castle* case, above cited, are naturally suggested in the argument and disposition of this appeal. We have not before us, however, so fully as in the former case the facts upon which to dispose of the question. It appears simply that Salamanca is an incorporated village of several thousand and that the street in question is a populous one. Under the circumstances, upon the facts presented, we do not feel disposed to hold as matter of law that the use of the street for the erection of a telephone system under the direction and control of the board of trustees of said village is not proper and lawful, and we,

therefore, reach the determination to reverse the judgment appealed from. Upon the trial of the case there doubtless will be a full and complete presentation of all the facts surrounding and bearing upon the question at issue, and thus the basis laid for a more intelligent and satisfactory consideration of it than can now be had.

The interlocutory judgment appealed from should be reversed and plaintiff's demurrer overruled, with costs to the appellant.

McLENNAN, SPRING, WILLIAMS and DAVY, JJ., concurred.

Interlocutory judgment reversed and plaintiff's demurrer overruled, with costs.