(86 App. Div. 257.)

## WEEKS v. NEW YORK & N. J. TEL. CO.

(Supreme Court, Appellate Division, Second Department.  July 24, 1903.)

1. TELEPHONES—ERECTION OF POLES IN STREET—ABUTTING OWNER—INJUNC
   TION.
     On appeal by complainant from an order refusing to continue a tem-
   porary injunction restraining a telephone company from erecting poles
   in the street on which complainant's property abuts, where it does not
   appear whether the street possesses the characteristics of a built-up city
   street or is to all intents and purposes a rural highway, the order will be
   affirmed.
     Hirschberg and Jenks, JJ., dissenting.

Appeal from Special Term, Kings County.

Suit by Mary L. Weeks against the New York & New Jersey Tele-
phone Company.  From an order denying a motion to continue an
injunction pendente lite and dissolving a temporary injunction, com-
plainant appeals.  Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, JENKS,
HIRSCHBERG, and HOOKER, JJ.

Albridge C. Smith, for appellant.
Alexander Cameron, for respondent.

GOODRICH, P. J.  The complaint alleges the plaintiff's owner-
ship in fee of premises at Bayside, in the borough of Queens and city
of New York, including a portion of the street known as "Bell Ave-
nue," the incorporation of the defendant, and its intention to erect
its telephone or telegraph line through, over, under, or along some
portion of the plaintiff's property included in Bell avenue; and prays
judgment for an injunction.  A temporary injunction was granted, a
motion was made to continue it, and this motion was denied.  From
the order denying this motion the plaintiff appeals.

We think that the order should be affirmed.  The complaint does
not allege any damage to the plaintiff, except such as may be implied
from the allegation that the defendant proposes to erect a line upon
a public highway, the bed of which is owned by the plaintiff.  It is
not the policy of courts to decide upon motion so important a ques-
tion as is presented by the pleadings, and this is all the more true
when the gravity of the question has arisen from differing opinions.

In Eels v. A. T. & T. Co., 143 N. Y. 133, 38 N. E. 202, 25 L. R.
A. 640, it was held that the defendant corporation had no right to
appropriate any portion of a rural public highway to its own special
and continuous use by setting up poles therein for the purpose of sup-
porting telegraph or telephone wires, without the consent of an ad-
joining owner who owned the fee of the highway, and without having
acquired the right by condemnation proceedings.  This decision, how-
ever, was by the terms of the opinion expressly confined to country
highways, Judge Peckham saying that the easement in a public street
in a city or village might well be greater, and declaring that the court
did not intimate that the defendant either would or would not have
the right to place its poles in a city street without compensation
to the owner, even if he owned to the center of the street.  The dis-

tinction thus suggested was applied by the Appellate Division in the Fourth Department in the case of Castle v. Bell Telephone Co. of Buffalo, 49 App. Div. 437, 63 N. Y. Supp. 482, where it was held that the placing by a private corporation of a conduit for telephone wires under the surface of a street, the fee of which was in the abutting owners, did not constitute an additional burden upon the street which would entitle the abutting owners to additional compensation. The same doctrine was amplified by the same court in Johnson v. New York & Penn. T. & T. Co., 76 App. Div. 564, 78 N. Y. Supp. 598, where the right to use a village street for telephone poles and wires, without obtaining the consent of the abutting owners of the fee thereof, was upheld, the court being of the opinion that, in regard to the use to which they may be put, village streets may be treated as city streets rather than as rural highways.

In the present case, the plaintiff's property is described as being situated at Bayside, in the county of Queens, on a street or avenue known as "Bell Avenue." The papers disclose no particulars as to the character of this avenue. We are not informed whether it possesses the characteristics of a built-up city street, or is to all intents and purposes merely a rural highway. The city of New York as now constituted comprises many square miles of territory which are nothing more than farming districts, and the question will some time have to be determined whether the rights of telephone companies in such districts fall within the doctrine of the Eels Case, or within the doctrine of those decisions which we have cited from the Fourth Department. The meagerness of the record on the present appeal renders it impossible to determine that question in this case now. It may fairly be presented, however, after a trial upon the merits, where evidence upon this subject can be laid before the Special Term.

Under the circumstances, therefore, we deem it proper to affirm the order refusing to continue the preliminary injunction, and leave this important question of law to be determined by an appeal from the final judgment.

Order affirmed, with $10 costs and disbursements. All concur, except HIRSCHBERG and JENKS, JJ., who dissent.

HIRSCHBERG, J.  I dissent. Until the question is settled otherwise by controlling authority, I desire to vote that the erection of poles in streets, urban or rural, for telephone purposes, is a use for other than street purposes, and may be enjoined by the owner of the soil. Although no damage is alleged, an unlawful invasion of real property may be restrained, even if the tendency of the trespass be to create an improvement.