SOUTHERN BELL TELEPHONE & TELEGRAPH CO. v. CONSTANTINE.

(Circuit Court of Appeals, Fifth Circuit. January 9, 1894.)

No. 108.

TRESPASS TO REALTY—TELEPHONE COMPANIES—MUNICIPAL CORPORATIONS.

A telephone company, invested with the power of eminent domain, and authorized by law to erect poles and stretch wires through the streets of a city, was required by ordinance to move its poles and wires from a street to the adjoining sidewalk. In doing so, it was necessary to trim certain trees, and this was done by the servants of the company, under the direction of a city officer. *Held*, that the company was not liable therefor to an action of trespass by the owner of the trees, since the act was done under lawful authority.

In Error to the Circuit Court of the United States for the Southern Division of the Northern District of Alabama.

This was an action of trespass by D. F. Constantine against the Southern Bell Telephone & Telegraph Company. There were verdict and judgment for plaintiff, and defendant brings error.

Hewitt, Walker & Porter and Geo. H. Feasons, for plaintiff in error.

Lane & White and W. K. Terry, for defendant in error.

Before PARDEE and McCORMICK, Circuit Judges, and TOULMIN, District Judge.

TOULMIN, District Judge. The defendant in error, being the owner of a lot of land abutting on a public street in the city of Birmingham, in the state of Alabama, brought suit against the plaintiff in error to recover damages for the cutting and disfiguring of certain trees growing on the sidewalk in front of said lot. The first count in the complaint claims damages for wrongfully and wantonly cutting and injuring the trees; and the second count, for wrongfully, wantonly, willfully, and maliciously cutting and disfiguring them. The defendant (now plaintiff in error) filed a special plea to the complaint, designated as "Plea No. 4," in which it was averred that, for several years prior to the injury complained of, it had erected and maintained its telephone poles and wires along the street in front of plaintiff's (now defendant in error) lot, on which the trespass complained of is alleged to have been committed; that after it had so erected its poles and wires, and before the commission of the alleged trespass, the municipal authorities of the city of Birmingham, by ordinance duly enacted, required it to move its poles and

wires from the position they had previously occupied, and to place them inside the curb, on the sidewalk; that in complying with this ordinance it became necessary to cut and trim the trees alleged to have been cut by defendant; that the street in front of plaintiff's lot, where said alleged trespass was committed, is a highway of the city of Birmingham; and that the poles and wires were so placed that they did not interfere with the ingress and egress to and from the plaintiff's lot, and did not exclude the air and light therefrom. The ordinance was made a part of the plea. The plaintiff interposed a demurrer to this plea, which was sustained by the court, and this ruling of the court is assigned as error.

The contention on the part of the plaintiff in error is that each count of the complaint is in trespass, that trespass will not lie where the act complained of is done under lawful authority, and that the plea shows the alleged trespass was committed under lawful authority. Our attention has been called to two cases recently before the supreme court of Alabama, identical in all material facts with the case at bar, and the complaints in those cases are almost identical with that in this case. The material averments are the same. In the opinion in those cases, the court say that "concurrent legislative and municipal authority, granted to such a company, to erect its poles and suspend its wires in and over the streets of a city, will protect it from being treated as a trespasser, and its work from being declared a nuisance, if its works are so constructed as not to obstruct or interfere with the use of the streets by the public, or the property owner's right of ingress and egress to and from his abutting property." The court further held that in complying with the city ordinance requiring the removal of telegraph and telephone poles from that part of the street used by vehicles to the sidewalk, "if it became necessary to trim or remove the trees in front of appellee's [defendant in error in this case] property, neither the city nor the appellant [plaintiff in error here], acting under authority of, and in obedience to, the ordinance, can be regarded as trespassers." Telegraph Co. v. Frances; Same v. Allen (cases not yet officially reported; rehearings pending); 2 Dill. Mun. Corp. § 688; Bills v. Belknap, 36 Iowa, 593. The court, in the opinion quoted from, expressly decides that the plaintiff in error had legislative and municipal authority granted to it, and that, in acting under such authority, it could not be regarded as a trespasser. In reaching this conclusion, the court, clearly, had reference to the authority of plaintiff in error under the statutes of the state of Alabama relating to telephone and telegraph companies, and to the charter act and ordinance of the city of Birmingham. We concur in the reasoning and conclusions of that court, and think we can safely adopt the ruling in construing the complaint in the present case. The conclusion is that the facts averred in the defendant's said plea were a complete answer to the complaint, and that the court below erred in sustaining the demurrer to it.

But it may be considered that the ruling of the court on the demurrer was error without injury, inasmuch as it appears from

the record that the plaintiff in error was deprived of no substantial right in presenting the defense set up in the plea. It does appear that the facts averred in the plea were, without objection or restriction, substantially proven on the trial. The question raised on the pleading by said plea is raised on the facts by the general charge of the court and by the first and third special charges as to the first count of the complaint, and by the fourth special charge as to both counts. These special charges, among others, were requested by the plaintiff in error, and were refused by the court, to which refusal exception was taken, and on which error is assigned. The special charges are as follows:

"(1) The court charges the jury that, if they believe the evidence in this case, they must find for the defendant on the first count of the complaint." "(3) That if the jury believe from the evidence that defendant had erected its line of telephone poles and wires along Nineteenth street, and on the outside of the curbing, by the permission of the mayor and aldermen, and had maintained and operated the same for several years, the fire department of the city having the exclusive use of one of the wires for the communication of the alarm of fire to said fire department, and that the mayor and aldermen passed the ordinance introduced in evidence, and you further believe from the testimony that, in order to comply with said ordinance, it was necessary to trim or cut the trees, to some extent, so as to operate the wire on said poles which was used by the fire department of the city, then I charge you that your verdict must be for the defendant under the first count of the complaint. (4) That if the jury believe from the evidence that the defendant had erected its line of telephone poles and wires along Nineteenth street, and on the outside of the curbing, by the permission of the mayor and aldermen, and had maintained the same for several years, the fire department of the city having the exclusive use of the wires for the communication of the alarm of fire to said fire department, and that the mayor and aldermen passed the ordinance introduced in evidence, and you further believe from the testimony that, in order to comply with said ordinance, it was necessary to trim or cut the trees, to some extent, so as to operate the wires on said poles which were used by the fire department of the city, then I charge you your verdict must be for the defendant."

The court, among other things, charged the jury as follows:

"It is admitted in the testimony—the testimony shows—that the employés of the telephone company did the cutting, but it is said it was done under the superintendence of the city; and they say not only that, but there is evidence to show that the hands of the telephone company were all of them paid by the telephone company all the time. I think there is no question about that. But the matter was turned over, in some formal or informal way, by the telephone company, to the city authorities, and the city authorities are responsible, and the telephone company in no way responsible. On that subject I have this to say: That if the city authorities, in what they did by way of superintendence or direction given to these employés of the telephone company, if they did it,—if the action of the city authorities was at the instance and request of the officers of the telephone company, and if the telephone company accepted the result,—then the telephone company is liable for the damages, if any."

To which plaintiff in error excepted, and assigns the same as error.

These charges raise the question whether an action of trespass would lie in the case shown by the evidence. The case is that the plaintiff in error—a corporation invested with the right of eminent domain under the law of the state of Alabama, and authorized by law to erect poles and stretch wires thereon through the streets

of Birmingham, Ala.—was required by an ordinance of that city to remove its poles and wires from the street on which the lot of defendant in error is situated, and to place them on the sidewalk in front of the lot. The trees that were cut were on the sidewalk, about 3½ feet from the curbstone, and were from 12 to 16 inches in diameter. The plaintiff in error claims—and the evidence tends to prove—that, in complying with the ordinance, it became necessary to cut and remove many of the limbs of the trees, in order to move the poles and wires inside the curb on the sidewalk, and to prevent their interference with the wires after the poles were removed, and the wires suspended on them. The mayor of the city was informed of this, and he promised to obtain the consent of the owner of the lot for the trees to be cut. Subsequently, the mayor, having failed to see the owner and obtain such consent, sent an officer of the city fire department to superintend the cutting of the trees, and under his direction the work was done by the employés of the plaintiff in error. It does not appear that the trees were cut more than was necessary to properly suspend said wires. There was also on the same poles a fire alarm telegraph wire, the property of the city, and used in connection with the fire department. This wire was also removed with the poles and wires of the plaintiff in error, and was below and nearer to the tops of the trees than the wires of the plaintiff in error. The ordinance of the city of Birmingham, before referred to, was in evidence. On the case made, there is no liability, in this suit, on the plaintiff in error. The court, in our opinion, erred in sustaining the demurrer to the special plea in the charge given to the jury, and in the refusal to give the charges requested by the plaintiff in error, and set out in this opinion. Reversed and remanded.