## CITY OF GUTHRIE v. NIX, HALSELL & COMPANY.

CONTRIBUTORY NEGLIGENCE. The streets, including the sidewalks, of the cities of this territory, are dedicated to the public use, and if an abutting proprietor or occupant makes an excavation in the sidewalk for the convenience and advantage of his adjacent property, it is an invasion and appropriation to that extent, of the public use, and having made the appropriation he cannot, by reason of it, create a cause of action in his own favor against the city, notwithstanding the fact that the city may itself have been at fault and negligent in contributing to the cause of the injury complained of. Such an excavation by an abutting proprietor resulting in injury to him, is contributory negligence.

*Petition for Re-Hearing.*

*Bayard T. Hainer*, for plaintiff in error.

*Joseph Wisby* and *C. G. Hornor*, for defendant in error.

The opinion of the court was delivered by

McATEE, J.:    The facts in this case are sufficiently stated in 3 Oklahoma Reports, p. 136, where it was considered upon a question of pleading.

It was assigned for error that the court refused to give instructions numbered 5 and 6, which were offered on behalf of the defendant upon the trial, which are as follows:

"If you find from the evidence that the street in front of the building occupied by the plaintiffs, under the sidewalk, had been excavated by persons other than the defendant, and that such excavation tended to allow water flowing over the sidewalk to flow into the cellar, then the plaintiffs cannot recover.

"6. If you find that the excavation under the sidewalk in front of the building occupied by the plaintiffs,

contributed to the injury of the plaintiff's goods, then plaintiff's cannot recover."

And in giving instructions 3 and 4, as follows:

"The court instructed you that in order for the plaintiffs to recover in this case, they must prove by a preponderance of the evidence that, in the month of June, 1892, the plaintiffs were conducting a wholesale grocery business in the city of Guthrie, and were occupying a certain building situated on Oklahoma avenue, at a point near the intersection of said avenue and Vine street, as their place of business; that a part of their stock of goods was in the basement of the building so occupied; that their building was properly built on the grade established by the agents of the defendants; that the defendant negligently constructed what is commonly called a sewer under the surface of the street known as Oklahoma avenue near the place where the plaintiffs were carrying on their business; that they also permitted obstructions to be placed and left in front of the building and near the gutter of the street in front of said building.

"That by reason of such negligent construction of the aforesaid sewer and negligent condition of the street in front of the building aforesaid, the drainage was insufficient to carry off the water which accumulated at that point, and that such water flooded the basement of the building wherein plaintiff's goods were stored, thereby causing a loss to the plaintiffs in the sum set forth in their complaint.

"4. If you believe from the evidence that the city of Guthrie, on Oklahoma avenue, in said city, fixed the grade and constructed the street and caused to be constructed sewers and drains on said street to carry off the surplus water, which necessarily in cases of rain ran down said street by reason of said grading, and that in June, 1892, there came a rain and said sewers and drains were stopped up, or were otherwise defective, so that they would not carry off the surplus water, and thereby the water of said rain was forced into the basement of the

building in question, and the plaintiffs thereby damaged, then the jury should find for the plaintiffs for the amount which the proof shows such damage to be."

Special interrogatories were at the request of the defendant submitted to the jury. In reply to which the jury stated, "that the defendant had not used ordinary care and skill in the construction of the sewer across Oklahoma avenue, which was not sufficient to carry off the surface water created from ordinary hard rains, and that there was an excavation underneath the sidewalk in front of the building occupied by the plaintiffs when the injury complained of, occurred, of which the plaintiffs were informed and that if the excavation under the sidewalk had not been made and existed there the water would not have flowed into the basement of the building from the street, that the rain was a usual hard rain, and that the city of Guthrie did not make the excavation under the sidewalk in front of the building occupied by the plaintiffs."

The question is here directly raised by the exceptions to the giving and refusal to give instructions, and the assignments of error thereon, whether the plaintiff, in making, or while occupant of, the building, permitted the excavation under the sidewalk, was guilty of contributory negligence, so as to prevent recovery from the negligence of the city in failure to construct a sufficient sewer to carry off a usual hard rain.

It was decided in the case of *City of Guthrie v. Beamer*, 3 Okla. 652, that when the survey and plat had been made and adopted by the inhabitants of the city of Guthrie, and afterwards adopted and approved by the secretary of the interior, that such survey and plat, act of congress and of the secretary of the interior, was in effect a dedication of the public uses of all such portions

of the townsite as were designated by such plat as streets and alleys, and had the effect to divest the individual claim by settlement or occupancy of such portion.

And the fee of the streets, including the sidewalks, is in the municipality, to be held in trust for the use and benefit of the public. This dedication includes the sidewalk, and when the plaintiff or their lessors entered upon the sidewalk and made the excavation, they did it in the street, of which they were divested of any interest, and which was dedicated to the public uses. And the appropriation which they made was for their private interest and benefit and advantage. It does not appear that any permission was obtained from the city government to make the excavation, nor is it evident how such permission, if it were shown, could put the plaintiff in any other or better position to recover against the city. The act of making the excavation is admitted to have been wholly by the plaintiffs and for their own benefit. They made it at their own risk. It would be difficult to see upon what principle of law or equity a private lot owner, seeking to make his property abutting upon the street, more valuable for his own private purposes, by making an excavation in the street which is dedicated to public uses and under the control of the municipality, for private purposes, can make any claim for damages under circumstances in which, but for that excavation, no such injury would have occurred.

The excavation was an appropriation by the plaintiffs for the advantage of their private business, of property dedicated to public uses. Such an excavation was by the supreme court of Kansas denominated a trespass in the case of *Jansen v. City of Atchison*, 16 Kan. 359, in which Judge Brewer, stating the opinion of the court,

said that before a lot owner can be held responsible, there must appear some negligence on his part, or he must have trespassed upon the sidewalk by obstruction upon the surface or excavation beneath, and such negligence, excavation or obstruction caused the injury.

It was held in *Nelson v. Godfrey*, 12 Ill. 20, that when a person exercises or enjoys a peculiar privilege productive of benefit to him alone, the law requires that he should exercise ordinary care to use or enjoy such privilege, in order that no injury to other persons should result through such use and enjoyment, and that digging a coal cellar under the sidewalk was a convenience and privilege for the owner or occupant thereof, and it is incumbent for him to see that he does not endanger the safety of others.

It was held in the case of *Richards v. City of Waupun*, 17 N. W. Rep. 976, by the supreme court of Wisconsin, that the right of action against a person or corporation cannot arise in favor of another party merely for misusing his own property. There is no exception available for the non-action of another in not preventing wrong action in ourselves. No person by his own transgression can create a cause of action in his own favor against another for not interfering. That to which a man consents or causes by his own actions cannot be considered an injury for which he can recover damages.

It was said by the supreme court of the state of Kansas, in *Smith v. City of Leavenworth*, 15 Kan. 81, a state in which the fee is held to be in the county, that the only legitimate use that can be made of a street, or the sidewalk, by any other person, is for passing and repassing upon the same, although this would probably be different if a person owned the fee to the land occupied by

the street; and that any person traveling upon the street has a right to use any portion of the same for that purpose not already otherwise in use, and that the owner or any person under him has a right to use any portion of the street in front of his lot in passing to and from his lot, and to and from the improvements on the same, and that under the existing laws in the state he has no power to confer upon any private person any right to use the street, or any portion of the same, for the purpose of a cellar-way or for any other purpose except for passing and repassing. ·

In the case of *Jansen v. City of Atchison*, 16 Kan. 385, the plaintiff sought to recover damages from the city for injuries sustained by reason of falling from a defective sidewalk into an excavation beneath. It was by the supreme court of Kansas held in that case, that ordinarily an area is supposed to be for the benefit of the adjoining building, for light, air, approach, or storing; and there may be a presumption that it was constructed by the owner, and at his expense and for his benefit. The finding in this case that the area was not constructed for the benefit of the adjoining property, it does away with any presumption that it was constructed by the owner or that he was responsible for injuries resulting from it. And that the proprietor of the abutting lot is not the owner in fee of the street or sidewalk. He is not presumed to be trespassing upon the property of the public. The city has the possession of the street and sidewalk.

The court there states that, for wise purposes of public policy, the law casts upon the city the responsibility for the care and safety of its streets and walks, and that it is not relieved therefrom by the fact that the lot owner

occupied ·the sidewalk or obstructed the passage or endangered its safety by excavation beneath it.

While, therefore, the plaintiffs in making the excavation or enjoying it, had constructed or were enjoying a private work exclusively for their own convenience, appropriating a part of the sidewalk for their own benefit, that .they were violating the only legitimate use which could be made of the street and sidewalk, which was for the passing and repassing upon the same, and in undermining the street or sidewalk were appropriating a part of it for their own benefit without legal right, and were thus trespassing upon the sidewalk appropriated to the public use, and while possibly permitted to do so by the city, that having consented to or caused the excavation which, according to the special findings of the jury directly contributed to the injury, they cannot, for the injury thus received, recover damages, and no act of the city could relieve them from their own liability for such act of private appropriation and trespass.

It is a case of contributory negligence in which the plaintiffs suffered an injury which they brought about by their own act, proximately contributing to the injury, for which they were themselves responsible, and the fact being so they cannot recover from the city.

The rule applies as well to occupants who are in charge of or leasing the premises, and to the tenant for years or at will, as to the owner in fee.   (Cooley on Torts, 80).

The ruling of the court was erroneous whereby instructions numbered 5 and 6, in which this construction of the law was applied for to the court and refused, and instructions 3 and 4 in which the court imposed a liability upon the city, not giving the jury the rule of contributory negligence as to the excavation, were given.

36—v.

The judgment of the court below is reversed.

Dale, C. J., having presided in the court below, not sitting; Bierer, J., and Tarsney, J., concurring; Keaton, J., dissenting.