## CUMBERLAND TELEPHONE & TELEGRAPH COMPANY *v.* HIRAM CASSEDY, JR.

1. TRESPASS.  *Punitive damages.*

   A wrongful act purposely done, evincing malice, fraud, oppression or wilful wrong, entitles the injured party to punitive damages.

2. SAME.  *Absence of plaintiff.*

   That such act was done in the absence of the plaintiff, permission having been previously asked and refused, is a fraud on the plaintiff, and entitles him to punitive damages as if done in his presence.

3. SAME.  *Shade trees.  Sidewalk.  Abutting owners.  Municipalities.  Consent of authorities.*

   The permission of the municipal authorities to a telephone company to cut trees on the line between the sidewalk and the street in the municipality, does not empower the company to disregard the rights of an abutting owner.

4. SAME.  *Eminent domain.*

   That a trespasser, not pretending to exercise it, had the power of eminent domain, does not exempt him from liability to punitive damages.

5. SAME.  *Land.*

   Exemplary damages are allowable where the facts justify them in actions of trespass to real property.

6. EXCESSIVE VERDICT.

   Where the verdict of a jury is so excessive as to indicate passion or partiality, it will be set aside by the court unless a proper remittitur be made.

FROM the circuit court of Lincoln county.

HON. ROBERT POWELL, Judge.

Cassedy, the appellee, was plaintiff in the court below; the Cumberland Telephone and Telegraph Company was defendant

there.   The action was trespass for cutting shade trees on the line between the sidewalk and the street opposite plaintiff's lots in the city of Brookhaven.   The defendant had applied to the municipal authorities of the city for, and had obtained their authority to cut the trees.   It applied to Cassedy for leave to do so, claiming that the trees would interfere with its wires then being erected, but the application was denied by him. The company did not then cut the trees, but awaited plaintiff's absence, and cut them when he was not present.   The verdict of the jury was in plaintiff's favor for $750, and judgment being entered thereon in the court below, the defendant appealed to the supreme court.

*A. C. McNair,* for appellant.

The abutting owner, under the provisions of the constitution, section 17, can recover actual damages only.   The constitutional provision does not authorize the recovery of punitive or exemplary damages by the abutting owner for an invasion of his property constituting the sidewalk and street, and to trees standing on the sidewalk and not within his inclosure.   The measure of his recovery is the damages which result to the property itself, and not to the individual.   Punitive damages are not damages sustained by the individual or the property, but are in addition thereto, and are given by way of punishment.

Under the facts of this case a trespass was not committed on the plaintiff's property for which an action of trespass will lie. The statute of the state (§§ 854, 855, code of 1892) and the ordinances of the city of Brookhaven assumed to confer on appellant the right to erect its line and to trim the trees along the line of the public streets in Brookhaven.   Relying on such authority, the employes of appellant, in manifest good faith, erected the poles, placed the wires and trimmed the trees on the sidewalk fronting the plaintiff's property.

The case of *Southern Bell Telephone & Telegraph Co.* v. *Francis,* 109 Ala., 224, s. c. 55 Am. St. Rep., 980, 19 So.

Rep., 1, is nearly on all fours with the case in hand.    Francis, the owner of property abutting on a public street in the city of Birmingham, sued the telephone company in trespass to recover damages for injury to his property resulting from the acts of the company's agents or servants in cutting or trimming certain trees growing on the sidewalk in front of his lots.    Some of the trees had been planted by Francis some years before.    It is not shown by whom or when the others were planted. The constitution of Alabama prohibits the "taking, injuring or destroying" private property without compensation being first paid to the owner.    There, as here, the owner of property abutting on a public street in a city owns the fee in the land to the center of the street, subject to the public easement of passage and travel.    It was held that the ownership of the trees on the sidewalk fronting Francis' property was a qualified and limited ownership, subordinate to the public right of a safe and convenient passage, and that the telephone company was not a transgressor in erecting its poles and wires and cutting the trees, and that an action of trespass for damages would not lie.

II. *Cassedy* and *P. Z. Jones*, for appellee.

The telephone line was erected along and over appellee's property against his protest, and later the company, in his absence, cut out the tops of two shade trees growing in front of his property.    He owned the fee in the soil to the center of the street, and these trees belonged to him, and his property rights were only subject to the easement of the public for ordinary travel.    Plaintiff's property was wantonly and wilfully invaded by appellant, appropriated to its own use and disfigured. The proof showed that the appellant was a foreign corporation, worth at least five millions of dollars.    The appellee owned the fee in the soil to the center of the street, subject only to the easement of the public for ordinary travel.    This has already been established beyond controversy by the following decisions of this court: *Theobold* v. *Railroad Co.*, 66 Miss., 279; *Stow-*

ers v. *Postal Tel. Co.*, 68 Miss., 559; *Meridian* v. *Telegraph Co.*, 72 Miss., 910.

The only question to be submitted to the jury was whether or not, if the company appropriated and damaged appellee's property, was it done wilfully, wantonly, maliciously, or in reckless disregard of the appellee's right to the unmolested enjoyment of his property. It was submitted to them, and should have been submitted to them, and they having decided it in favor of appellee, their verdict should not now be disturbed. *Cumberland Tel., etc., Co.* v. *Odeneal*, 26 So. Rep. (Miss.), 966; *Clay* v. *Postal, etc., Co.*, 70 Miss., 406.

Appellant did not have the power to exercise the right of eminent domain, because the chapter of the code on that subject does not include telephone companies. The code, § 858, confers the power to exercise that right of sovereignty upon telegraph companies, but not telephone companies, nor telegraph and telephone companies, and telephone companies are not telegraph companies, and this appellant could not claim any authority under that section of the code. *City of Richmond* v. *Bell Tel. & Tel. Co.*, book 43, L. Ed. U. S., 1126.

But another complete answer is that appellant was not pretending to exercise the right of eminent domain. If there is any law to protect the private individual from the wanton and reckless trespasser, this judgment should be affirmed. The verdict was not excessive under the circumstances, and the jury decided that the trespass was of a character to justify the infliction of exemplary damages, a question which is generally left to the jury, where there is evidence of wilfulness, under proper instructions from the court on the subject. There was evidence that the acts were done wilfully and in disregard of appellee's plain right to the peaceful enjoyment of his property.

TERRAL, J., delivered the opinion of the court.

The appellee is the owner of a lot of land in the city of Brookhaven, upon which were two shade and ornamental trees

growing upon the line between the sidewalk and street. The tops of these trees were cut out, one of them some eight feet, and the other something less, by the appellant telephone company, because they were in the way of its telephone line. The appellee was applied to by the servants of the appellant for permission to top his trees, and he refused such permission and forbade them from cutting his trees. The appellant had the authority of the city council and the direction of the city marshal, and relied upon that as its justification. The actual damages were small. The jury gave punitive damages, and from a judgment therefor the telephone company appeals.

The main question in the case is whether the appellant company is liable for punitive damages. The rule in this state is that a wrongful act purposely done, evincing malice, fraud, oppression or wilful wrong, will entitle the injured party to punitive damages. If the servants of the telephone company, in the presence of the appellee, had, in disregard of his protest, cut and mutilated his trees, we think such a wilful wrong had been inflicted upon him as would have justified exemplary damages; that they refrained from so doing in his presence, but returned in his absence and committed the injury forbidden, is and was a fraud upon his rights that equally authorized the finding of punitive damages.

That the appellant had the right of eminent domain, which it might have invoked against the appellee, is no excuse for the acts complained of. Not having resorted to that authority, all its acts were wrongful *ab initio*, and constituted it a naked and wilful trespasser. Exemplary damages are allowable in actions of trespass to real property. Sutherland on Damages, sec. 1031; *Railroad Co.* v. *Fink*, 18 Neb., 82; *Railroad Co.* v. *Kernodle*, 54 Ind., 314; *Best* v. *Allen*, 30 Ill., 30; *Storm* v. *Green*, 51 Miss., 103. The verdict of the jury is excessive, and indicates passion or partiality on their part, and unless the excess over five hundred dollars be remitted, the judgment will be reversed and a new trial awarded.