NICHOLAS MEYER, Appellee, v. THE STANDARD TELEPHONE COMPANY, Appellant.

Telephones: CUTTING TREES. DAMAGES. The measure of damages for cutting and trimming trees for the erection of a telephone system is the difference in value of the realty caused by the unreasonable cutting. Reasonable cutting and trimming is permitted, for which there is no damage, and an instruction not in accordance with this rule is erroneous.

*Appeal from Dubuque District Court.*—HON. M. C. MATTHEWS, Judge.

SATURDAY, JANUARY 30, 1904.

ACTION to recover damages for the careless, needless, and willful cutting of trees by the employes of the defendant company. Defendant pleaded that it had the right to use a highway in front of plaintiff's property, that in so doing it had the right to cut and trim some trees in order to erect its line, and denied any careless or needless cutting. On these issues the case was tried to a jury, resulting in a verdict and judgment for plaintiff, and defendant appeals.—*Reversed.*

*R. W. Stewart* for appellant.

*H. B. Smith* and *McCarthy & Kenline* for appellee.

DEEMER, C. J.—The evidence has been stricken from the record on motion, and the question presented by the assignments of error relate to the correctness of the instructions given and refused. The court in its charge told the jury that defendant had the right to reasonably and in good faith cut and trim limbs of trees which interfered with the placing of poles and stringing of wires, and that, if it did no more than this, plaintiff could not recover. Its tenth instruction summarizes the issues, and states the law applicable thereto. As this instruction is not challenged, it is the law of the case.

We here set it out, as it seems necessary to do so in order to understand the exact complaint made of one which followed. It reads as follows: "(10) If you believe from the preponderance of the credible testimony that the defendant's agents, servants, or employes did not cut any more limbs and branches from the trees of plaintiff's premises than was necessary for a proper construction and good operation of the telephone system, which defendant was constructing, and if you believe that such agents, servants, or employes exercised their best judgment in determining what branches and limbs should be cut of said trees, and acted in the matter with a due regard for the right of the plaintiff, and with an honest purpose and desire of doing as small amount of damage as was possible, and that in doing such cutting they acted with reasonable prudence and a careful observation of the condition of affairs existing at the place where the trees were cut, and that they did not wantonly or without any reasonable excuse cut off or trim the branches and limbs of the trees in question, then your verdict should be for the defendant." Referring to the question of damages the court said: "(15) If you find for the plaintiff, you are instructed that in arriving at the amount of damages sustained by plaintiff, if any, you may consider the question as to whether or not the row of trees in question was ornamental, furnished shade, or in any manner made the premises more valuable as farm land, and added to the value of the farm in its entirety. You are further instructed that the trees in question are a part of the realty, and their injury may decrease the value of the farm, and the measure of damages is the difference between the fair market value of the plaintiff's farm of 220 acres, upon which said trees were, immediately before the cutting of said trees, and its fair market value immediately after said trees were cut, as the result of the injury to the trees as shown by the evidence." Defendant asked this instruction in lieu thereof, but it was refused: "(10) You are instructed that if you believe from the evidence that there was unnecessary trimming and cutting off of the branches you must take into con-

sideration, in determining the amount of damages, if any, therefor, the cutting and trimming of limbs which was necessary, for that the defendant had the right to do reasonably necessary trimming; and to the extent such trimming and cutting of branches was reasonably necessary plaintiff is not entitled to damages, and you must separate and distinguish the damages suffered, if any, by unnecessary cutting, from the injury by reason of the necessary trimming, so that you will not allow damages, if any, caused by the cutting which was reasonably necessary to be done in the construction of the telephone system." Manifestly, the fifteenth instruction relating to the measure of damages is incorrect. It permits the allowance of damages for the reasonable as well as the unreasonable cutting of the trees. The true rule was expressed in the instruction asked. The difference in the value of the land after defendant had trimmed and cut, as it was entitled to do under the law, and the value of the land after the unauthorized cutting, was the true measure of recovery. *Disbrow v. Westchester* 164 N. Y. 415 (58 N. E. Rep. 519); *Penn. Coal Co. v. Sanderson,* 113 Pa. 126 (6 Atl. Rep. 453, 57 Am. Rep. 445). Appellee argues that this was covered in other instructions. We think not. The one quoted is the only one which related to the measure of damage. The others had reference to plaintiff's right to recover at all. Having found that plaintiff was entitled to recover, the jury had no other measure for the damage to be assessed than that stated in the instruction which we are obliged to condemn. Moreover, the trial court evidently thought that plaintiff, if entitled to recover at all, was to have full compensation for the entire injury done to his land. The request called its attention to the matter, and in denying it, and in giving the one complained of, it manifestly intended that plaintiff should recover for the effects of the entire cutting, whether necessary or not. The error is plain, and it is not cured by other instructions. Other matters are argued, but they are not of sufficient importance to demand separate consideration.

For the error pointed out, the judgment is REVERSED.