## BARBER v. HUDSON RIVER TELEPHONE CO.

(Supreme Court, Appellate Division, Third Department.  May 3, 1905.)

1. TELEPHONE COMPANIES—RIGHT TO ERECT LINE—EASEMENT—RIGHT OF WAY VOUCHER—FORM—SUFFICIENCY.

A voucher reciting the receipt by a landowner of $5 from a telephone company "for the right to erect their telephone line along the highway in front of my premises [describing them], and for the right to maintain the same, with necessary poles, wires and guys, and to trim trees so that they shall not come in contact with their wires," signed by the owner and witnessed, was sufficient to secure to the company the easement it purported to grant.

2. SAME—CONTINUOUS EASEMENT—NUMBER OF WIRES.

The easement was continuous and unlimited as to time, and contemplated the right to string as many wires as the company should find necessary.

3. SAME—RIGHT TO CUT TREES—EXCESSIVE CUTTING—TRESPASS.

The company was liable as for trespass to the grantor for any excessive cutting of the trees beyond what was reasonably necessary for the protection of its wires.

4. SAME—RECORDING OF CONVEYANCES—FUTURE PURCHASERS OF LAND—NOTICE.

The right granted was good as against all future purchasers of the property, except as it may have been lost by reason of the terms of Real Property Law (Laws 1896, p. 607, c. 547) § 241, providing that any unrecorded conveyance of real property "is void as against any subsequent purchaser in good faith and for a valuable consideration from the same vendor, his heirs," etc., "of the same real property * * * whose conveyance is first duly recorded."

5. SAME—CONSTRUCTIVE NOTICE.

Under this section the company's occupation by the existence of its wires and poles on the premises was constructive notice to subsequent purchasers of such rights as it might have in connection therewith.

6. SAME—ACTIONS—PROOF—DISMISSAL.

An action by plaintiff landowner against the company was apparently tried on the theory that defendant was a trespasser ab initio, and had no right whatever to cut the trees, and upon this theory evidence was given of the value of the land before and after the cutting.  Plaintiff testified that "quite a few" of the branches cut did not come in contact with the wires, but there was no proof as to the damage caused by the excessive cutting alone.  *Held*, that the complaint was properly dismissed, the right of action being for the excessive cutting only.

Appeal from Trial Term, Washington County.

Action by Andrew Barber against the Hudson River Telephone Company.  From a judgment of nonsuit, plaintiff appeals.  Affirmed.

The action purports to have been brought under sections 1667 and 1668 of the Code of Civil Procedure.  The defendant is a telephone corporation, maintaining a telephone line in front of the premises occupied by the plaintiff.  At the time the line was first erected, one Lewis T. Barber was the owner of said premises, and executed and delivered to the defendant a paper of which the following is a copy:

"Hudson River Telephone Co.—Right of Way Voucher.

"Sandy Hill, N. Y., June 1, 1901.

"Received from Hudson River Telephone Co. five dollars for the right to erect their telephone line along the highway in front of my premises in the

93 N.Y.S.—63

Town of Kingsbury, County of Washington, State of New York, and for the right to maintain the same, with necessary poles, wires and guys, and to trim trees so that they shall not come in contact with their wires. No poles to be set in front of the house.

"Witness: Ira P. Avery.

"[Signed]                                Lewis T. Barber [L. S.]

"(Landowner)."

Thereafter the plaintiff entered upon the premises under a land contract with the said Lewis T. Barber, whereby he should pay him the sum of one thousand dollars for said land, and upon which at the time of the bringing of this action he had paid between three and four hundred dollars. When the telephone line was first erected, the poles supported one cross-arm, upon which there were several wires. Prior to the commencement of this action the defendant's servants placed a second cross-arm upon the pole preparatory to stringing wires thereupon, and proceeded to trim two trees in front of plaintiff's premises, so that the branches should not come in contact with the wires which were already placed, and the wires which were proposed to be placed upon the additional cross-arm. This action is brought by the plaintiff for damage caused by such cutting. Upon the trial the defendant's motion for a nonsuit was granted. From the judgment entered thereupon, the plaintiff here appeals. Further facts appear in the opinion.

Argued before PARKER, P. J., and SMITH, CHASE, and CHESTER, JJ.

Erskine C. Rogers, for appellant.

John A. Delehanty, for respondent.

SMITH, J. The right of way voucher, so called, purports to give to defendant an easement to maintain its telephone lines, with necessary poles, wires, and guys, with the right to trim trees so that they shall not come in contact with its wires. The paper is signed and witnessed, and is therefore sufficient to secure to the defendant the easement which it purports to grant. From the nature of the right given, that easement is one which is continuous—unlimited as to time. It does not contemplate the right to string a single wire, but so many wires as the defendant shall find necessary for the purpose of conducting its business.

The right to trim trees so that they shall not interfere with those wires is not, however, a right to destroy trees or to injure them unnecessarily. That right must be exercised with reasonable regard to the right of the landowner to the enjoyment of his trees. For any excessive cutting of the trees, beyond such cutting as is reasonably necessary for the protection of defendant's wires, defendant is liable to the plaintiff as for trespass.

I do not agree that the plaintiff is not bound by the granting of this easement. The right granted is good as against all future purchasers of the property, except as that right may have been lost by reason of the terms of section 241 of the real property law (Laws 1896, p. 607, c. 547). This section reads:

"Every such conveyance not so recorded is void as against any subsequent purchaser in good faith and for a valuable consideration from the same vendor, his heirs or devisees, of the same real property, or any portion thereof, whose conveyance is first duly recorded."

The plaintiff can claim no rights under this provision of the statute. He is not a purchaser in good faith. The defendant's occupa-

tion by the existence of its wires and poles upon the farm was constructive notice of such rights as it might have in connection therewith. Moreover, the plaintiff has no conveyance which has been first duly recorded—a condition precedent to the benefits given by the statute.

The plaintiff insists, however, that he has shown an excessive cutting of the trees, beyond any right which may be claimed under the instrument signed by the former owner of the premises. This action was apparently tried at the trial term upon the theory that the defendant was a trespasser ab initio, and had no right whatever to cut the trees. Upon this theory evidence was given of the value of the farm before the cutting and after. Part of the cutting was lawfully done. Plaintiff was asked upon the trial whether any of these branches that were cut came in contact with the wires on these cross-arms before they were cut. His answer was, "There were quite a few that did not come in contact." It is for the excessive cutting only that he has any right of action, and there is no attempted proof as to the damage caused to the premises by the excessive cutting alone. Without such proof, plaintiff has established no cause of action, and his complaint was properly dismissed.

The judgment should therefore be affirmed. Judgment affirmed, with costs.

Judgment affirmed, with costs. All concur; PARKER, P. J., in result.