## OSBORNE v. AUBURN TELEPHONE CO.

(Supreme Court, Appellate Division, Fourth Department.    March 7, 1906.)

1. EMINENT DOMAIN—INJURY TO TREES BY TELEPHONE COMPANY—ACTION FOR
DAMAGES.

    In a suit to restrain a telephone company from erecting its poles and stringing its wires in a street, and for damages occasioned by the destruction of shade trees, it appeared that the company had a franchise to erect its poles and string its wires in the streets, that poles were erected in a street on which plaintiff's property abutted, and that the company had trimmed plaintiff's shade trees. The proof did not show to what extent any particular tree was damaged, or whether the premises were depreciated in value by the cutting of the trees. *Held*, that the company was lawfully in the streets, and not subject to plaintiff's interference simply because it erected poles contiguous to her premises, and a judgment of dismissal was proper for failure to prove damages.

2. SAME—TITLE TO TREES—SUFFICIENCY.

    Where an owner of land abutting on a street planted trees along the street, and the city acquiesced in his ownership of them, he had sufficient title to recover damages against a telephone company wrongfully cutting down the trees, though his title did not include any part of the street.

    [Ed. Note.—For cases in point, see vol. 18, Cent. Dig. Eminent Domain, § 222.]

Appeal from Special Term, Cayuga County.

Action by Eliza W. Osborne against the Auburn Telephone Company. From a judgment dismissing the complaint on the merits, plaintiff appeals. Affirmed.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, NASH, and KRUSE, JJ.

C. T. Whelan, for appellant.
E. C. Aiken, for respondent.

SPRING, J. The plaintiff is the owner of a large tract of land in the city of Auburn, fronting on South street, and also lying north of and abutting on Fitch avenue, a street extending westerly from and at right angles with said South street. The defendant is a telephone corporation with a franchise from the city permitting it to use the streets of the city, including Fitch avenue, in placing its poles and stringing its wires. The franchise imposed upon the defendant certain restrictions antecedent to the user, which have been substantially complied with, and, where disregarded, they are unimportant in the review of this appeal. In the spring of 1904 the defendant was engaged in erecting poles and stringing wires along the north side of Fitch avenue adjacent to the premises of the plaintiff. The plaintiff has a row of shade trees along the north side of this avenue which were planted by the plaintiff and her husband over 30 years ago, and which had attained considerable size and were an ornament to her premises. The defendant dug holes for its poles, and the earth removed was afterwards replaced by the employes of the plaintiff and was again taken out and the poles erected, when they were cut down under the direction of the plaintiff. This action was thereupon commenced to restrain the defendant from erecting its poles, and a tem-

porary injunction was granted enjoining the defendant from digging on the north side of said avenue in front of the premises of the plaintiff, or from erecting poles or stringing wires along said land. The plaintiff gave proof tending to show that large limbs on a number of the shade trees were cut off, rendering them unsightly. The defendant gave proof tending to show that only three limbs of any size were cut, and that the plaintiff was present and consented to their removal. The court found that the defendant "trimmed certain limbs of the shade trees," but "that said trimming was in part authorized by and consented to by said plaintiff." No proof of specific damages appears in the record, and the court directed the dismissal of the complaint on the merits, "but without prejudice to an action for damages by the plaintiff."

The defendant derived the right to the use of the streets from the Legislature, subject to reasonable control and regulation by the municipal authorities. Barhite v. Home Telephone Co., 50 App. Div. 25, 63 N. Y. Supp. 659; City of Rochester v. Telephone Co., 52 App. Div. 6, 64 N. Y. Supp. 804; New Union Tel. Co. v. Marsh, 96 App. Div. 122, 89 N. Y. Supp. 79; Village of Carthage v. Central N. Y. Tel. Co. (decision of this court handed down January term) 96 N. Y. Supp. 917. It was therefore lawfully in the street, and not subject to the plaintiff's interference simply because in the necessary development of its business it happened to erect poles contiguous to her premises. This right to the use of the street, however, is entirely independent of the question of the plaintiff's claim to compensation for any damages which may have resulted to her property by the construction of defendant's line. There has been much discussion of this subject by the courts and no clear, well-defined rule seems to have been reached.

In Eels v. American Telephone & Telegraph Co., 143 N. Y. 133, 38 N. E. 202, 25 L. R. A. 640, the plaintiff owned a farm; his title extending to the center of the highway. The defendant erected its poles along the road in front of these premises without having compensated the plaintiff or commenced proceedings for condemnation of the land. A recovery by the plaintiff was had in an action of ejectment, and the judgment was sustained by the Court of Appeals. The court was particular to place its decision upon the ground that the highway was in a country community and pointedly disclaimed any purpose of extending it to a street in a city. The distinction between this rural and urban use of the streets is also recognized in Palmer v. Larchmont Electric Co., 158 N. Y. 231, 52 N. E. 1092, and in Dillon's Municipal Corporations, § 688. In Castle v. Bell Telephone Co., 49 App. Div. 437, 63 N. Y. Supp. 482, the common council of the city of Rochester authorized the defendant to place its wires beneath the surface of Oxford street in that city. The plaintiff owned premises fronting on the street, extending to the center, and commenced an action to restrain the defendant from tearing up the street and locating the wires as directed by the municipal authorities. This court held that the use of the street contemplated did not impose any additional burden upon it, and the abutting owner was not entitled to compensation. The principle was again reiterated, in a measure at least, in

Johnson v. New York & Pennsylvania Telephone & Telegraph Co., 76 App. Div. 564, 78 N. Y. Supp. 598. We find no case holding that compensation will not be awarded the owner where a telephone company in the prosecution of its business mutilates the trees of an abutting owner to such an extent as substantially to lessen the value of his premises.

The complaint in the present action alleges that the defendant "wrongfully, willfully and wantonly and without authority" trimmed and destroyed her shade trees to the damage of $1,000. It then contains allegations impugning the right of the defendant to place poles in the street, and asks that it be enjoined permanently from carrying on its work. The plaintiff was content to prove the trimming of the trees, without giving any proof showing to what extent any particular tree was damaged or whether the premises were depreciated in value by cutting the trees; and the question of damages was left to another action at the election of the plaintiff. If these trees were trimmed "wantonly and willfully," the defendant would be liable independent of the question of its right to use the street without the payment of compensation to the abutting owner. The privilege permitted implies the ordinary use for the furtherance of the work within the purpose of the charter of the transportation corporation. If in the exercise of that power the corporation is negligent or wanton in the execution of its business to the detriment of a contiguous owner, it must pay the penalty of its rashness. In Donahue v. Keystone Gas Company, 181 N. Y. 313, 73 N. E. 1108, the plaintiff owned a lot fronting on Union street in the city of Olean, but not extending to its center. The defendant was a corporation using the street rightfully in the distribution of natural gas to the inhabitants of the city for heating and lighting, and its pipes were underneath the surface of the street. In front of the plaintiff's premises were a number of large maple trees. The defendant allowed the gas to escape from its pipes into the soil and about the roots of these trees, causing their destruction. The plaintiff recovered the damages sustained for the loss of the trees, and the judgment was affirmed. The right of the defendant to use the streets was unquestioned, but the manner of the use was the subject litigated, and liability followed by reason of negligence. If in the present case the plaintiff had elicited tangible proof so that the trial court might have measured the damages, it might have ascertained them. As the record is presented to us there is nothing to indicate that the plaintiff did not regard the damages as nominal.

The real controversy tried before the court apparently was the right of the plaintiff to place its poles upon the north side of this avenue. The damage to the trees had already been committed, and the plaintiff insisted, irrespective of any question of compensating her therefor, that the defendant was guilty of trespass in erecting its poles in the street. As already indicated, the plaintiff did show the cutting of the trees, and the defendant, if its witnesses are to be believed, established that but few limbs were trimmed, and they were removed with the consent of the plaintiff. The finding of the court does not definitely cover this controverted question of fact. We may assume

that the court adopted this course for the reason that the extent of the damages was not given, or because he may have concluded that they were unsubstantial. In any event he afforded the plaintiff another opportunity to establish them, if she desired to do so.

It is not important, as we view the case, whether plaintiff's title included one-half of Fitch avenue or was limited to its northerly boundary. She had planted and nutured the trees, and the city had acquiesced in her ownership of them; and her title is sufficient to enable her to recover damages, if she is otherwise entitled to relief.

The judgment should be affirmed, with costs.

Judgment affirmed, with costs. All concur.