ADAMS v. SYRACUSE LIGHTING CO.

(Supreme Court, Appellate Division, Fourth Department. March 9, 1910.)

1. MUNICIPAL CORPORATIONS (§ 663*)—RIGHTS OF ABUTTING OWNERS—SHADE TREES.

An owner of land abutting on a city street, though not owning the fee of the street, has a right, in the nature of an equitable easement therein, to grow and maintain shade trees in front of his land within the boundary line of the street, and may maintain an action against a wrongdoer for injuring the trees.

[Ed. Note.—For other cases, see Municipal Corporations, Dec. Dig. § 663.*]

2. MUNICIPAL CORPORATIONS (§ 678*)—INJURY TO SHADE TREES—LIABILITY OF LIGHTING COMPANY.

A lighting company, having a franchise from a city to erect its poles and maintain its lines in the city for lighting purposes, and having a contract with the city for lighting the streets, has no right to impair the beauty and usefulness of trees in front of abutting premises, unless it is reasonably necessary to do so in lighting the streets under its contract with the city.

[Ed. Note.—For other cases, see Municipal Corporations, Dec. Dig. § 678.*]

Williams, J., dissenting.

Appeal from Trial Term, Onondaga County.

Action by Mary A. Adams against the Syracuse Lighting Company. From a judgment for defendant, plaintiff appeals. Reversed, and new trial granted.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, KRUSE, and ROBSON, JJ.

D. B. Magee, for appellant.
Jerome L. Cheney, for respondent.

KRUSE, J. The action is brought for damages for cutting and mutilating the plaintiff's shade tree. A nonsuit was had, and the plaintiff appeals.

The tree which the defendant cut is within the bounds of the street, in front of the plaintiff's premises, in the city of Syracuse. Her counsel conceded on the trial that she does not own the fee of the street where the tree stands; and it does not appear who owns the fee of the street. The defendant does not claim to own it. The only right asserted by it is a franchise from the city permitting it to erect its poles and maintain its lines in the city for lighting purposes, and its contract with the city for lighting the streets and public buildings and places of the city. Perhaps it is not very important in this controversy to know who owns the fee of the street where the tree in question stands. The plaintiff, in any event, has a right, in the nature of an equitable easement therein, to grow and maintain the shade tree in question, and may maintain an action against a wrongdoer for injuring the tree. Donohue v. Keystone Gas Co., 181 N. Y. 313, 73 N. E. 1108, 70 L. R. A. 761, 106 Am. St. Rep. 549. The defendant had no right to impair the beauty and usefulness of the tree, unless it was

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

reasonably necessary to do so in lighting the streets under its contract with the city; and that, I think, under the circumstances of this case, was a question of fact for the jury.

Counsel for respondent relies upon the case of Palmer v. Larchmont Electric Company, 158 N. Y. 231, 52 N. E. 1092, 43 L. R. A. 672. That was an action of ejectment brought against a lighting company, the purpose of which was to compel the removal of the lighting company's poles and wires in front of the plaintiff's premises, and it was there held that the lighting of a highway was an incident to the use of the highway as a public way, and that the action was not maintainable. But the question here presented was not involved in that case. It is not claimed by the defendant that the tree was cut by the express direction or authority of the city. The defendant relies upon its general franchise and contract with the city. That, I think, does not give it the right to cut and mutilate the shade trees of adjoining owners in the street capriciously, or even because it may be more convenient for the lighting company to carry on its lighting business. It must be reasonably necessary in lighting the streets to justify the defendant in cutting the trees.

The judgment should be reversed, and a new trial granted, with costs to the appellant to abide the event. All concur, except WIL-LIAMS, J., who dissents.