NORMAN MILLING & GRAIN CO. v. BETHUREM.

No. 2994. Opinion Filed February 3, 1914.

On Rehearing April 4, 1914.

(139 Pac. 830.)

1.  MUNICIPAL CORPORATIONS—Control of Streets—Discretion. A city has power of control over its streets, including spaces occupied by trees and wires thereon, but must act in good faith, and not abuse its exercise of this power.

2.  SAME—Streets—Rights of Abutting Owners—Injury to Trees. An abutting lot owner has an equitable easement in trees grown by him on a street, notwithstanding fee in city, which will enable him, as such special owner, to maintain action for wrongful injury thereto, depreciating value of such lot.

3.  SAME—Occupancy—Mutual Rights. Both owner of abutting lot having an equitable easement in trees on street and owner of wires thereon may be in lawful occupancy of a street; and, in such case, mutual and reasonable accommodation is due from each to the other.

4.  SAME—Right of Abutting Owner—Injury to Trees. Ordinarily, an abutting lot owner growing trees on a street is a potential occupant of sufficient space, in addition to that actually occupied, for the perfection of the growth of such trees, and, without due

compensation, cannot be excluded from any portion or other space to give exclusive occupancy to an owner of wires other than the city; and an owner of wires thereafter voluntarily occupying such space is not entitled, without due compensation, to injuriously trim such trees to sever or prevent contact with wires.

5.  **SAME.** Ordinarily an owner of wires, voluntarily strung within space already potentially occupied by trees grown by the abutting lot owner, who injuriously cuts back such trees from contact with such wires is a trespasser ab initio and liable to the abutting lot owner for all the consequential damages to his lot.

6.  **SAME—Rights of Occupancy.** Only public necessity, as contra-distinguished from necessity of private owner of trees or wires, will justify the city's compulsion, and only the latter will justify either such owner in excluding the other from space first rightfully occupied by such other by trees or wires on the street.

(Syllabus by Thacker, C.)

*Error from District Court, Cleveland County;*
*R. McMillan, Judge.*

Action by E. A. Bethurem against the Norman Milling & Grain Company, a corporation. Judgment for plaintiff, and defendant brings error. Affirmed. On rehearing former opinion adhered to.

*B. F. Williams* and *Munden & Horton,* for plaintiff in error.

*W. M. Newell* and *Jackson & Eagleton,* for defendant in error.

Opinion by THACKER, C. Plaintiff in error will be designated as defendant, and defendant in error as plaintiff, in accord with their respective titles in the trial court.

In August, 1909, and at all times since about January, 1903, defendant, a public service corporation, owned and operated electric current wires strung about 24½ or 26½ feet above the ground, and almost immediately over the center of the tops of certain black locust trees, about seventeen or eighteen in number, in a parking on a street in the city of Norman; and plaintiff, the abutting lot owner, having, in about 1896, set and since cultivated these trees, had whatever interest in them these facts and the act of March 2, 1905, together impart to her; but prior to and without regard to this act, she, as abutting lot owner and

grower of the trees, notwithstanding the fee-simple title to the street was in the city (*City of Guthrie v. Nix,* 5 Okla. 555, 49 Pac. 918; *Blackwell, Enid & S. W. Ry. Co. v. Gist,* 18 Okla. 516, 90 Pac. 889; *McKay v. City of Enid,* 26 Okla. 275, 108 Pac. 520, 30 L. R. A. [N. S.] 1021; and, also, as a complement of the rule, see section 610, St. Okla. 1890, the same being section 588, Rev. Laws 1910), which was also the general owner of the trees (*Mt. Carmel v. Shaw,* 155 Ill. 37, 39 N. E. 584, 27 L. R. A. 580, 46 Am. St. Rep. 311), had and has such equitable easement in and special ownership of the trees as to entitle her to bring and maintain an action for wrongful injury to them resulting in consequential injury to and depreciation in value of her abutting lot. At the time defendant's wires were strung (January, 1903), these trees were small and their tops far from interfering; but, in August, 1909, as a result of about six years' additional growth, they came in contact with and extended some seven or nine feet above the wires, and thus presented a condition requiring sever-ance and precautions against recurrence of contact, unless it was feasible to so insulate the wires and so protect such insulation as to thus afford protection to the trees, wires, and users of the streets from injury resulting from such contact, which does not appear. At that time (August, 1909), defendant cut off the tops and some of the branches of these trees, cutting off some ten or twelve feet of the tops, and cutting the branches back in some instances to where they were an inch or more in diameter. The act of cutting was without regard to avoidance of exposure of cut ends of branches to weather, and without regard to immediate injury to stubs, the branches being hacked, and in some instances so as to leave a forked cut; and, in deference to the verdict of the jury, at least, we may say that as a result, these trees fell into a state of progressive deterioration in health which, at the time of the trial, had resulted in the death of one or two and, perhaps, presaged the death of others.

Plaintiff brought this action and recovered $100 as her dam-ages for the consequential injury to and depreciation in value of her abutting lot, and the defendant attempted to justify the cutting by showing, but the trial court, upon objection made,

did not permit it to show, that on January 10, 1903, by virtue of its due acceptance at that time of an ordinance enacted by the city of Norman on December 2, 1902, and which had been duly published, it acquired and has since had a franchise incidentally purporting to authorize it to so cut the tops and branches of trees. The terms of this ordinance granted to the defendant a franchise for 21 years, "with full right, power and authority to erect, maintain, extend and operate a plant of machinery, poles, wires and all other apparatus and appliances within the corporate limits of the city of Norman, for the purpose of generating and furnishing to the city of Norman and its inhabitants electricity for light, heat and power, and for said purpose to enter upon and use the streets, alleys and public grounds of said city, and place and maintain thereon such poles, wires, apparatus and appliances as may be necessary and proper, and shall have the right to trim trees to prevent branches from coming in contact with wires and to remove such trees when necessary for the proper placement and maintenance of same, subject to the terms and conditions hereinafter provided." Another section of this ordinance provides "that said poles and wires shall be erected and placed under the direction of the city care and erect poles and wires in places wherein said grantee [the defendant] shall deem necessary." The ordinance does not limit defendant to such precise place for poles or wires as would have prevented the stringing of the wires higher or more to one side of the trees, or elsewhere than in the parking, nor, perhaps, would any public purpose which would justify cutting the trees be apparent therefrom if such limitation had been imposed, and the defendant strung its wires so as to occupy a space well within that which should at the time reasonably have been anticipated as necessary for perfection in the growth of plaintiff's trees. It appears that the defendant, in stringing its wires, both voluntarily and unnecessarily invaded space which at that time must reasonably have been anticipated as necessary for the perfection of the growth of the trees, and thus potentially occupied by their grower, the plaintiff. The court treated defendant as a trespasser *ab initio* upon proof of the foregoing state of facts,

and instructed the jury .in effect that, if plaintiff was damaged,
she was entitled to recover as such damages the difference be-
tween the value of her lot before and its value after the cutting.

It is here contended by defendant that it was not a tres-
passer *ab initio,* and that the true measure of damages, if any,
is the depreciation in the value of the plaintiff's lot by such trim-
ming as was not reasonably necessary to sever the contact of
trees and wires and keep them apart, if there was any such trim-
ming, or, in other words, the difference between the value of the
lot with the trees trimmed so far as reasonably necessary and
its value with the trees trimmed as they were, if such trimming
went beyond what was proper and necessary.

The widely divergent views of the courts and authors of
text-books upon the question of the rights and duties of owners
of trees and owners of wires upon the same street, under au-
thority, express or implied, from the city, and of the liability
of the latter owners for damages to the former for cutting back
such trees, to sever or prevent contact with the wires, are well
illustrated by the following citations: *Moore v. Carolina Power
& Light Co.,* 163 N. C. 300, 79 S. E. 596; *Southwestern Tele-
graph & Telephone Co. v. Branham* (Tex. Civ. App.) 74 S.
W. 949; *St. Paul Realty & Assets Co. v. Tri-State Telephone
& Telegraph Co.,* 122 Minn. 424, 142 N. W. 807; *Slabaugh v.
Omaha Electric Light & Power Co.,* 87 Neb. 805, 128 N. W.
505, 30 L. R. A. (N. S.) 1084; *Rosenthal v. City of Goldsboro,*
149 N. C. 128, 62 S. E. 905, 20 L. R. A. (N. S.) 809, 16 Ann.
Cas. 639; *Commonwealth of Mass. v. Byard,* 200 Mass. 175, 86
N. E. 285, 20 L. R. A. (N. S.) 814; *State v. Graeme,* 130 Mo.
App. 138, 108 S. W. 1131; *Cartwright v. Liberty Tel. Co.,* 205
Mo. 126, 103 S. W. 982, 12 L. R. A. (N. S.) 1125, 12 Ann.
Cas. 249; *Osborne v. Auburn Telephone Co.,* 111 App. Div. 702,
97 N. Y. Supp. 874; *Barber v. Hudson River Tel. Co.,* 105 App.
Div. 154, 93 N. Y. Supp. 993; *Nichols v. N. Y. P. T. & T. Co.,*
126 App. Div. 184, 110 N. Y. Supp. 325; *Meyer v. Standard
Tel Co.,* 122 Iowa, 514, 98 N. W. 300; *Bronson v. Albion Tel.
Co.,* 67 Neb. 111, 93 N. W. 201, 60 L. R. A. 426, 2 Ann. Cas.
639; *Cumberland Tel., etc., Co. v. Cassedy,* 78 Miss. 666, 29

South. 762; *McAntire v. Joplin Telephone Co.*, 75 Mo. App. 535;
*Wyant v. Cen. Tel. Co.*, 123 Mich. 51, 81 N. W. 928, 47 L. R.
A. 497, 81 Am. St. Rep. 155; *Van Siclen v. Jamaica Electric
Light Co.*, 45 App. Div. 1, 61 N. Y. Supp. 210; *Southern Bell
Telephone & Telegraph Co. v. Francis*, 109 Ala. 224, 19 South.
1, 31 L. R. A. 193, 55 Am. St. Rep. 930; *Bradley v. Southern
New England Tel. Co.*, 66 Conn. 559, 34 Atl. 499, 32 L. R. A.
280; *Southern Bell Telephone & Telegraph Co. v. Constantine*,
61 Fed. 61, 9 C. C. A. 359, 23 U. S. App. 56; *Tissot v. Great
Southern Telegraph & Telephone Co.*, 39 La. Ann. 996, 3 South.
261, 4 Am. St. Rep. 248; *Memphis Bell Telephone Co. v. Hunt*,
16 Lea (Tenn.) 456, 1 S. W. 159, 57 Am. Rep. 237; *Stephens &
Transp. Co. v. W. U. Telegraph Co.*, Fed. Cas. No. 13,371, 8
Ben. 502; *Board of Trade Telephone Co. v. Barnett*, 107 Ill.
507, 47 Am. Rep. 453.    Also see: Telegraph & Telephone Com-
panies, by Jones, sec. 128; 37 Cyc. 1642, 1643; and 28 Am. &
Eng. Enc. L. (2d Ed.) 540; The Law Relating to Electricity,
by Croswell, sec. 209; McQuillin, Municipal Corporations, sec.
1652, p. 3473; *Id.*, sec. 1326; Jaggard on Torts, p. 143; Roads
& Streets, by Elliott, sec. 806.

Our own conclusions are as follows:

First. Subject to the requirement that it must act in good
faith and not abuse its exercise of power, a city has the power
of control over its streets, including the parkings and all spaces
occupied by both the trees and wires thereon; and this power
is paramount to any right that either the grower of trees or the
owner of wires may acquire thereon.    Sections 586-591, St. Okla.
1890, found with some amendments in sections 572-575, Rev.
Laws 1910; 28 Cyc. 851, 947, 953; McQuillin, Municipal Cor-
porations, sec. 1327; *Robinson et al. v. City of Spokane*, 66 Wash.
527, 120 Pac. 101, 28 Ann. Cas. 1012; *Rosenthal v. Goldsboro*,
149 N. C. 128, 62 S. E. 905, 20 L. R. A. (N. S.) 809, 16 Ann.
Cas. 639; *Frostsburg v. Wineland*, 98 Md. 239, 56 Atl. 811, 64
L. R. A. 627, 1 Ann. Cas. 783; *Wright v. Austin*, 143 Cal. 236,
76 Pac. 1023, 65 L. R. A. 949, 101 Am. St. Rep. 97.

Second. An abutting lot owner, even though the fee of the
street and general ownership of the trees be in the city, has,

without the aid of statute, an equitable easement, and therefore a special ownership, in the trees which will enable him to maintain an action for wrongful injury thereto which depreciates the value of his lot. McQuillin, Municipal Corporations, sec. 1326; *Donahue v. Keystone Gas Co.,* 181 N. Y. 313, 73 N. E. 1108, 70 L. R. A. 761, 106 Am. St. Rep. 549; *Adams v. Syracuse Lighting Co.,* 137 App. Div. 449, 121 N. Y. Supp. 762.

Third. As stated in *St. Paul Realty & Assets Co. v. Tri-State Telephone & Telegraph Co., supra,* decided July 11, 1913, by the Supreme Court of Minnesota:

"Both the company and the landowner may be in lawful occupancy of the street. The abstract right of neither can be said to be superior, and each must be regardful of the rule that property rights must be so exercised as not unnecessarily to impinge upon, interfere with, or impede those of another."

In such case, mutual and reasonable accommodation is due from each to the other; and slight injury to trees by necessary and reasonable trimming cannot be made the predicate of an action where the wires are rightfully in position and their owner has not voluntarily, or to any considerable extent, invaded space first actually or potentially occupied by the special owner of trees growing on the street when the wires were strung.

Fourth. Ordinarily such special owner of trees may neither be excluded from the occupancy of such space as her trees actually occupy, or such additional space as should be reasonably anticipated as necessary for their perfection in growth as is thus potentially occupied by them to make room for the exclusive occupancy of such space, or any part thereof by the owner of wires, other than the city itself; and if such owner of wires within such space cuts back the trees to sever or prevent their contact with the wires, and thus injures the trees and depreciates the value of the abutting lot of such special owner, the latter is entitled to and may recover damages therefor.

Fifth. Only where public necessity, as contradistinguished from any necessity of either the private owner of the trees or the private owner of the wires, justifies such an act may the city authorize either such private owner to invade and exclude the

other from space first rightfully and actually or potentially occupied by the other, and so inflict any substantial injury or damage upon such other, without due compensation.

Sixth. A necessity for trimming trees resulting from the voluntary stringing of wires by defendant within the space which it must, at the time, have anticipated would be and which was required for the perfection of the growth of the trees is a necessity for which defendant is blamable and cannot be urged as justification of any substantial injury to the trees.

The burden of proof was, of course, upon plaintiff to make at least a *prima facie* case of liability against defendant; but it appears from the foregoing statement of facts that she has done this, and the said ordinance of the city purporting to authorize defendant to trim trees would not justify the trimming nor constitute a defense against the recovery of the actual damages given.

Tested by the foregoing observations, it does not appear that there is any reversible error in the trial of this case in the court below; and the judgment of that court should be affirmed.

By the Court: It is so ordered.

## On Rehearing.

We have examined the several propositions urged in petition for rehearing without discovering any sufficient reason for change in the conclusions heretofore reached.

In respect to the principal question in the case, it is but a reiteration of the view heretofore expressed, with only slight change in form, to say that a right to occupy a street for the purpose of putting in position and maintaining posts and electric current wires does not include the right to occupy each and every portion of such street, and the defendant violated the rule of "mutual accommodation" announced in the opinion heretofore handed down in this case. If the city of Norman had limited defendant's right to that particular space and portion of the street which was necessary for the perfection of the growth of plaintiff's trees, the question as to whether the city had acted in bad faith and had abused its exercise of power would still remain

for determination before this case could be reversed; but there was no compulson by the city in this regard, and there was no necessity for trimming these trees unless made by the voluntary and wrongful act of the defendant in setting its posts and stringing its wires where it did.

In our opinion the petition for rehearing should be denied, and there should be adherence to the original opinion.

By the Court: It is so ordered.