JOHN LANG, RESPONDENT, *v.* THE NEW YORK, LAKE ERIE AND WESTERN RAILROAD COMPANY, APPELLANT.

*Act of a brakeman in driving a trespasser from the train — liability of the railroad therefor — what act is not willful — measure of, and evidence as to damages.*

Upon the trial of an action, brought by the plaintiff to recover damages for injuries sustained by his son, a boy of eleven years, alleged to have been occasioned by the negligence of the defendant corporation, it was shown that the boy, without permission, got on a freight-car of the defendant at Hoboken to ride some six blocks to Weehawken.

After the train had started a brakeman told the boy to get off, to which the boy replied, "Wait until you get to Weehawken." The brakeman replied, "No," and began to throw pieces of coal at the boy, who retreated to the next car behind him. The brakeman pursued him, and just as the boy got ready to jump off he rolled a large lump of coal on top of the car which struck the boy on the head. The boy at once fell from the car, went under the wheels and lost his foot and part of his leg. At the time of the accident the train was going about ten miles an hour.

*Held,* that the defendant was liable for the injuries sustained by the plaintiff's son.

That the act of the brakeman was not a willful wrong but the result of a great mistake in judgment upon his part.

That the brakeman was engaged in the master's business and acted within the general scope of the authority conferred upon him, and simply did not maintain his self control nor use good judgment as to the time when it was safe to drive the trespasser from the train.

That it was not necessary to show a specific order to the brakeman by the defendant to drive off boys who were "stealing rides."

The judge charged the jury that they could give damages for the care and nurture of the child so far as they were made more expensive by reason of the injury.

*Held,* that though there was no direct proof that there would be greater expenses in consequence of the injury, there was proven an injury which of necessity made the child more helpless; and from the very nature of the case there could be no positive evidence given further than this, and that the jury should estimate it as they would estimate the value of a life as to which there would exist no more specific basis of valuation.

*O'Mara* v. *The Hudson River Railroad Company* (38 N. Y., 445) followed; *Cuming* v. *Brooklyn City Railroad Company* (109 id., 95) distinguished.

That as the jury could take into consideration the estimated increased cost of caring for and bringing up a crippled child, a verdict of $1,500 was fully supported by the evidence.

APPEAL from a judgment in favor of the defendant, recovered on a trial at the Kings County Circuit, entered upon the verdict of a jury for the sum of $1,500, in the office of the clerk of Kings county,

on March 16, 1888; and also from an order denying a motion, made upon the minutes of the justice presiding at the trial, to set aside the verdict and for a new trial.

*B. F. Tracy*, for the appellant.

*Samuel Keeler* and *C. D. Rust*, for the respondent.

BARNARD, P. J. :

The plaintiff's son, a boy of eleven years of age, got on a freight car of defendant at Hoboken, New Jersey. The object of the boy was, and it seems to have been a habit with boys in the neighborhood, to ride some six blocks to Weehawken. The plaintiff had no permission to ride, nor did the other boys. On this particular occasion a brakeman, after the train had started, told the boy to get off. The boy replied, " Wait until you get to Weehawken." The brakeman replied, " No," and began to throw pieces of coal at the boy. The boy retreated to the next car behind him, and the brakeman pursued. Just as the boy was getting ready to jump off, the brakeman rolled a large lump of coal on the top of the car, and the coal struck the boy on the head. The boy at once fell off from the car, went under the wheels, and lost his foot and part of his leg. At the time of the accident the train was going about ten miles an hour. Upon this statement of facts, as found by the jury, an action is made out for the injury. It was not a willful wrong, and it was a great mistake in judgment upon the part of the brakeman. The boy was very young and the train was going fast, and the means used by the brakeman seem to have for an instant rendered the lad insensible, and the result was occasioned thereby.

It is not necessary to show specific order to brakemen, by the master, to drive off boys who were " stealing a ride." The brakeman was engaged in the master's business, and acting within the general scope of the authority. He simply did not maintain his self-control, nor use good judgment as to the time when it was safe to drive the trespasser from the train. (*Rounds* v. *Del., Lack. and Western R. R.*, 64 N. Y., 129.) The brakeman was apparently engaged for the defendant, and clearly was not pursuing his own purpose, and so the jury has found. The action is, therefore, proven. The judge charged the jury that they could give damages

for the care and nurture of the child, so far as they were made more expensive by the injury. There was no proof that there would be greater expense in consequence of the injury, but there was proven an injury which, of necessity, made the child more helpless; and, from the very nature of the case, there could be no positive evidence given further than this fact. The jury must estimate it as they would estimate the value of a life, with no more specific basis. (*O'Mara, Admr.*, v. *The Hudson River R. R. Co.*, 38 N. Y., 445.) The case of *Cuming* v. *Brooklyn City Railroad* (109 N. Y., 95) is not adverse to this case. The point in that case was, whether the parent could recover for an estimated further surgical operation, and the court held that such an item pertained to the child's action, and not to the action for loss of service, the case holds that a jury can estimate future loss of service from experience and such evidence as can be given. If the jury could take into consideration the estimated increased cost of caring for and bringing up a crippled child, the verdict is fully supported by the evidence. Fifteen hundred dollars is not an extravagant verdict for such a case, nor is it even exaggerated.

The judgment ought, therefore, to be affirmed, with costs.

PRATT, J., concurred.

Judgment and order denying new trial affirmed, with costs.