JOHN LANG, JR., an Infant, by EMIL A. MEURY, his Guardian, Appellant, v. THE NEW YORK, LAKE ERIE AND WESTERN RAILROAD COMPANY, Respondent.

80 275
27sp245
80 275
45ap 4
80h 275
75 AD¹329

*A master's liability for the acts of his servants — implied authority of a brakeman to remove trespassers from a freight train — action to recover damages for personal injuries — when the complaint therein is improperly dismissed.*

The test of a master's liability for the acts of his servants is not whether an injury is the result of acts committed by the express authority of the master, but whether the servant had authority to act in respect to the business in which he was engaged when the injury was committed. The master is liable for all acts done by the servant, in the execution of his employer's business, which come within the scope of his employment.

A brakeman on a freight train who finds a trespasser on one of the cars has an implied authority, from the nature of his business, to remove the trespasser.

Upon the trial of an action brought to recover damages resulting from personal injuries, it was shown that the plaintiff, a boy of eleven years of age, while riding upon a coal train of the defendant, fell off and received the injuries complained of. The plaintiff's testimony was to the effect that one of the brakemen threw coal at him, and as he was about to get off he was hit in the back of the neck by a large lump of coal thrown by the brakeman and knocked from the car. The complaint was dismissed on the ground that the brakeman was not shown to have any express authority from the defendant to remove intruders from the train, and that none could be implied from his position or the nature of his employment.

*Held*, that, under the circumstances, the complaint was improperly dismissed and that the case in all its aspects was one to be determined by the jury.

APPEAL by the plaintiff, John Lang, Jr., an infant, by Emil A. Meury, his guardian, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Kings on the 16th day of January, 1889, upon the dismissal of the complaint directed by the court after a trial at the Kings County Circuit before the court and a jury.

*C. D. Rust,* for the appellant.

*Benj. F. Tracy,* for the respondent.

BROWN, P. J.:

The plaintiff, a boy of eleven years of age, while riding upon a coal train of the defendant going from Bergen to Weehawken, fell off and received the injuries complained of. The plaintiff's testimony, however, was to the effect that one of the brakemen of the train threw coal at him, and as he was about to get off he was hit in the back of the neck by a large lump of coal thrown by the brakeman and knocked from the car.

The complaint was dismissed on the ground that the brakeman was not shown to have any express authority from the defendant to remove intruders from the train, and that none could be implied from his position or the nature of his employment, and the correctness of that ruling is the only question presented for review.

We are of the opinion that the case in all its aspects was for the jury.

The question as to the liability of a master for the acts of his servant is one that has received full and careful consideration in numerous cases in this and other States.

It is not always possible to harmonize the decisions, and it would be impossible in an opinion of ordinary length to attempt a review of the numerous cases to which our attention has been called by the learned counsel who argued this appeal.

The general rule applicable to a master's liability is quite well settled, but it is difficult to apply it to the different circumstances under which the question arises.

The learned counsel for the respondent has cited the case of *Towanda Coal Co.* v. *Heeman* (86 Penn. St. 418), in which the facts are quite similar to those before us, and which fully sustain the ruling of the trial court, but that case is, we think, opposed to the current of authority in this State.

The test of the master's liability is not whether the injury is the result of acts committed by the express authority of the master, but whether the servant had authority to act in respect to the business in which he was engaged when the injury was committed; and for all acts done by the servant in the execution of his employer's busi-

ness, within the scope of his employment, the master is liable. (*Higgins* v. *Watervliet Turnpike Co.*, 46 N. Y. 23; *Rounds* v. *D., L. & W. R. R. Co.*, 64 id. 129.)

In the *Rounds* case the plaintiff was kicked from the platform of a car, upon which he was stealing a ride, by a baggageman who had authority to remove him from the train; and by this latter fact the case is distinguished from the one at bar.

But in *Hoffman* v. *N. Y. C. & H. R. R. R. Co.* (87 N. Y. 25) the plaintiff was kicked from the train by the conductor, or a brakeman, and the case was considered by the Court of Appeals upon the assumption that the injury might have been inflicted by the act of either.

In the course of his opinion Judge ANDREWS said: "It is conceded that authority in a conductor to remove a trespasser in a lawful manner, whether conferred by the rules or not, is implied, and is incident to his position. We think the same concession must be made in respect to the authority of a brakeman who finds a trespasser on the platform of a car. * * * The implied authority in such a case is an inference from the nature of the business, and its actual daily exercise, according to common observation and experience."

The reasoning of the court upon this question renders its conclusion as applicable to a coal train as a passenger train. The conductor and brakeman are in charge of the train and the property carried by it. Their duty is not only to properly manage the train, but to guard and protect it, and very obviously this duty implies an authority to remove intruders from it.

The same rule was applied in *Clark* v. *N. Y., L. E. & W. R. R. Co.* (40 Hun, 605; affd., 113 N. Y. 670).

It did not appear in that case who it was that did the act which was the cause of the injury, except that he was an employee of the defendant. But because the purpose of the act was the removal of the plaintiff from the car, the court held it was within scope of the servant's employment.

The case of *Palmeri* v. *The Manhattan Ry. Co.* (133 N. Y. 261) is a recent illustration of the application of the rule which makes the master liable for the unlawful acts of its servants. In that case a ticket agent charged the plaintiff with having given him a counterfeit coin, and called him a counterfeiter and other names. He demanded

another coin in place of the one given him, and detained him in the station while he endeavored to get an officer to arrest him.   Because he was acting for his employer and endeavoring to recover his property the master was held liable for his acts.   The brakeman in this case, if the plaintiff's story was true, was acting for the protection of his master's property, and his act, in removing the plaintiff, was within his implied power and incident to his position upon the train.

We are of the opinion also that this question was decided in the case brought by the plaintiff's father.   (*Lang* v. *N. Y., L. E. & W. R. R. Co.,* 51 Hun, 603 ; affd., 123 N. Y. 656.)

In Judge BARNARD's opinion he says " the brakeman was engaged in the master's business and acting within the scope of the authority."

An examination of the printed case and the points of counsel show that the point was fairly presented upon the appeal.

It follows that it was erroneous to dismiss the complaint, and the case should have been submitted to the jury.

The judgment must be reversed and a new trial granted, with costs to abide the event.

DYKMAN and CULLEN, JJ., concurred.

Judgment reversed and new trial granted, costs to abide event.