### VAN SICLEN et al. v. JAMAICA ELECTRIC LIGHT CO.

(Supreme Court, Appellate Division, Second Department. November 28, 1899.)

1. ELECTRIC WIRES—TREES—RIGHT TO CUT BRANCHES.
    An electric company, authorized to set poles in city streets and string its wires thereon, has no right to enter on the premises of a landowner and cut off overhanging branches of trees, that the wires might not come in contact with such branches, if, by the use of a reasonable degree of care, and proper insulation, the wires could have been strung without cutting off such branches.

2. SAME—EMPLOYES—SCOPE OF EMPLOYMENT—COMPANY'S LIABILITY.
    Where the employés of an electric company, pursuant to general instructions from its managing agent to erect wires along a street, and cut such branches from overhanging trees as might be necessary to prevent contact with the wires, went onto plaintiff's land and cut off overhanging branches, which could have been avoided by insulation of the wires, the company is liable, since its servants were acting within the scope of their employment.

3. TRESPASS—INJURY TO TREES—TREBLE DAMAGES—INSTRUCTIONS.
    Code Civ. Proc. §§ 1667, 1668, authorize the owner of land to recover treble damages of a person who despoils a tree on his land, unless it appears that the act for which the recovery is sought was involuntary and casual, or that the defendant had probable cause to believe that the land was his own. A complaint in an action for cutting branches off from plaintiff's trees alleged that it was unlawful and done without plaintiff's permission. There was no claim in the answer, or proof, that the cutting was by mistake, or that it was casual and involuntary. *Held* not error to refuse to submit to the jury the issue whether the cutting was casual or involuntary.

Appeal from trial term, Queens county.

Action by Wyckoff Van Siclen and another against the Jamaica Electric Light Company. From a judgment in favor of plaintiffs, and from an order denying a new trial, defendant appeals. Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

Henry A. Monfort, for appellant.
James C. Van Siclen, for respondents.

HATCH, J.  This action was brought to recover damages for a trespass committed by the defendant in April, 1898, upon the lands of the plaintiffs.  The trespass consisted in entering upon the plaintiffs' lands and mutilating certain trees situate thereon, by cutting off several of their limbs.  The action is sought to be maintained as coming within the provisions of sections 1667 and 1668 of the Code of Civil Procedure, treble damages for the injury being demanded in the complaint.  We must assume that the defendant possesses authority to construct and maintain in the highway opposite the plaintiffs' premises its poles, and to string wires thereon, for the purpose of conveying electricity for lighting the streets and other public places.  The defendant put in evidence a contract between the town of Jamaica and itself; also, a franchise granted to the defendant, authorizing it to set poles and string wires in the streets of the town.  The contract and franchise are not set out in full in the record, but the statement in what they consisted showed authority to erect poles and string wires.  In a proper case, the town had authority to make such contract and grant such franchise.  Palmer v. Electric Co., 158 N. Y. 231, 52 N. E. 1092.  No objection was made by the plaintiffs to the introduction of either the contract or franchise, and no point was made that they were not in all respects sufficient to authorize the defendant to use the streets of the town for the purpose for which it assumed to use them.  For the purpose of this appeal, therefore, we must regard the authority to erect the poles and string the wires as being within the franchise granted by the town.  The evidence given upon the trial was sufficient to establish that the defendant, through its manager, substantially directed the places where the poles should be set in the street, and contemplated that there would exist necessity for cutting away the branches of the trees, in order to accommodate the wires strung upon the poles, and remove them clear of the obstruction created by the branches.  The defendant would have no right whatever to cut or remove any of the branches of these or other trees upon the lands of another, except it showed an existing necessity therefor in the fulfillment of its contract and the enjoyment of its franchise.  There is some testimony in the case which would seem to warrant the conclusion that the poles might have been set so that there would be no necessity for the removal of any of the branches or foliage of the trees, the injury to which is the subject of this action; and, if they could have been placed and the wires strung so as not to come in contact with the branches of the trees, by the exercise of a reasonable degree of care, even though the exercise of such care was not so convenient as the method adopted, the latter consideration would not justify interference with the trees.  It appeared

in the testimony that the wires were required to be so placed as not
to come in contact with the trees, for the reason that the effect
would be the grounding of the wires, loss of current, creating short
circuits, and the killing and destroying, in course of time, of the
trees with which they came in conflict.   If the defendant could, by
the proper insulation of its wires, prevent the escape of electricity
therefrom, then these conditions would be obviated; and, if such
measures were practicable, then the defendant would be required
to resort to them, even though they were more expensive and less
convenient.   In other words, the right to touch the trees at all must
be justified by an existing necessity, and, if the purpose can be ac-
complished without extreme or extraordinary means, then no right
would exist to interfere in any manner with the trees.

These considerations are sufficient to support the finding of the
jury that there was an unlawful entering upon the land, and an un-
necessary mutilation of the trees, constituting the trespass of which
complaint is made, within the authority of the sections of the Code
to which reference has been had, and that the damages found by the
jury are not in measure excessive, giving effect to the testimony
bearing thereon.   We have therefore little difficulty in supporting
this judgment upon the merits.   The evidence clearly disclosed the
fact that the managing agent of the defendant gave the directions to
erect the poles, and to cut such branches upon the trees as were
required to string the wires and prevent contact.   His directions
in this regard were general, after he had examined the locality, and
the agents whom he selected for the performance of the work, in
all that they did, acted within the scope of authority which had been
committed to them, and in the prosecution of the master's busi-
ness.   The case, therefore, is excluded from the principle which
was applied in Vanderbilt v. Turnpike Co., 2 N. Y. 479, and is brought
within that applied in Palmeri v. Railroad Co., 133 N. Y. 261, 30 N.
E. 1001, and Lang v. Railroad Co., 80 Hun, 275, 30 N. Y. Supp. 137.
The defendant was therefore liable for the trespass committed by its
agents, as it must be assumed that the entry upon the land and the
cutting of the trees was in the prosecution of its business, and was
authorized and directed by it.   The law of the case, therefore, en-
titled the plaintiffs to recover.

It is claimed, however, that the judgment must be reversed for
errors committed by the learned trial court in the charge to the jury.
It is insisted that upon the trial the court was requested to charge
the jury in these words:   "The jury should find whether or not the
injury, if any committed, was casual or involuntary,"—and that the
court refused so to charge, to which an exception was taken.   In
view of the context in the record, it may well be doubted whether
the question of law which the request sought to present was called
to the attention of the court in such form and manner as to fairly
apprise the court of the real nature of the question upon which the
defendant desired the court's instruction to the jury.   But assum-
ing, for the present, that there was no fault in this regard, we think
that no error was committed by the court in refusing so to charge.
Section 1667 of the Code provides:

"If any person cuts down * * * any wood, underwood, tree, or timber, or girdles or otherwise despoils a tree on the land of another, without the owner's leave; or on the common, or other land, of a city, village, or town, without having right or privilege in those lands, or license from the proper officer; an action may be maintained against him by the owner," etc.

The following section provides that, in an action brought as prescribed in the last section, the plaintiff may state in his complaint the amount of his damages, and demand judgment for treble the sum so stated, and, if a recovery be had of any damages, he is entitled to treble the amount, except where the verdict finds affirmatively that the injury for which the action was brought was casual and involuntary, or that the defendant, when he committed the injury, had probable cause to believe that the land was his own. The action therefore lies for the entry and spoliation without the owner's consent, unless the exception can be made applicable. In the present case the complaint avers that the entry and the cutting were unlawful, and done without any leave or permission being given by the plaintiffs. The answer, inter alia, is a denial; but it contains no averment that the entry or the cutting was casual and involuntary, or that the defendant had probable cause to believe that the land was its own. The proof upon the trial was undisputed that the entry was without consent, and that the cutting was done for the most part, if not all, within the line of the plaintiffs' premises. There was no claim in the answer, or proof upon the trial, that the cutting was by mistake or was casual and involuntary. On the contrary, each act, both of entry and cutting, was fully understood, and in this respect there was not even claim of mistake. Consequently there was no basis, either in proof or pleading, which would have authorized a finding by the jury that the entry and cutting, or either of those acts, were casual and involuntary; and there was therefore no basis, either in fact or law, to support the request to charge. It was not necessary to affirmatively plead that the act of which complaint was made was a casual and involuntary act; for, if the proof warranted, the defendant would be entitled to such finding, even though not pleaded. Note to Throop's Ann. Code, § 1668; Humes v. Proctor (Sup.) 26 N. Y. Supp. 315. We only call attention to the fact that no such claim was made, to emphasize the fact that no basis existed to support the request to charge.

We have examined the other questions presented, and find no error therein. The judgment should therefore be affirmed.

Judgment and order affirmed, with costs. All concur.