GEORGE KELLAR, Respondent, *v.* THE CENTRAL TELEPHONE & TELEGRAPH CO., Appellant.

(County Court, Onondaga County, March, 1907.)

Damages — Double and treble damages — Who to sue.
Trespass — Actions — Right of actions and defenses — Title and possession — Highway.
Abutting owners — Rights and liabilities in general — Rights as to trees.

> The right of action given by sections 1667 and 1668 of the Code of Civil Procedure to recover treble damages against any person who cuts down or carries off any wood, underwood, tree, or timber, or girdles or otherwise despoils a tree on the land of another, without the owner's leave, is based upon the theory of an injury to the land owned by the person injured, and an action can be maintained only by the owner of the fee.
>
> Upon an appeal from a justice's judgment, awarding treble damages for breaking off a limb from a tree in front of plaintiff's premises, plaintiff made no claim to be the owner in fee of the street. Held, that the defendant was a trespasser and that plaintiff was entitled to recover his actual damages and was entitled to recover such damages without regard to whether the defendant was negligent or not, but was not entitled to treble damages, and that the judgment should be modified accordingly.

THE defendant company, while engaged in erecting a telephone pole in the street in front of the plaintiff's premises in the village of East Syracuse, Onondaga county, New York, broke off a limb from a tree in front of the plaintiff's

premises. This action was brought in justice's court to recover treble damages for such injury pursuant to the provisions of sections 1667 and 1668 of the Code of Civil Procedure.

Nelson L. Lansing, for plaintiff-respondent.

Goodelle, Nottingham Brothers & Andrews (William H. Harding, of counsel), for defendant-appellant.

Ross, J. A judgment was obtained before the justice of the peace for substantial damages, which amount he trebled under the sections above cited, and from such judgment this appeal is taken. The evidence is not very precise as to whether the tree was upon the land owned by the plaintiff or immediately in front of his premises in the street; but, as I understand, the plaintiff does not claim upon this appeal that he owned the fee to the street. I believe that only an owner of the fee can invoke the benefits of the sections cited.

The language of section 1667 is: " If any person cuts down or carries off any wood, underwood, tree, or timber, or girdles or otherwise despoils a tree on the land of another, without the owner's leave." It would seem that the action is based upon the theory of an injury to the land owned by the person injured. The statute is highly penal, and should not be extended by implication. The case of Van Siclen v. Jamacia El. L. Co., 45 App. Div. 1, cited by the plaintiff-respondent does not hold that an abutting owner can recover treble damages. As cited on page 5, " The proof upon the trial was undisputed that the entry was without consent, and that the cutting was done for the most part, if not all, within the line of the plaintiffs' premises." The plaintiff, however, is entitled to recover the actual damage which he has sustained. Van Siclen v. Jamacia El. L. Co., 45 App. Div., and Donahue v. Keystone Gas Co., 181 N. Y. 313, the cases cited by the defendant to sustain the claim that the right of the defendant company in the street was paramount to that of the plaintiff, assume that the act complained of was necessary in order to effect the purpose of the franchise.

It only has to be stated that a grant to effect a purpose does not give the right to unnecessarily injure the property of another. In the case under consideration there is no claim that the act complained of was necessary. It may be claimed, under the evidence, that it was accidental, but that is far removed from a necessary act. It is claimed by the defendant that there can be no recovery of the actual damages, because there is no evidence, or insufficient evidence, of negligence. The evidence is meager in this regard as, for instance, whether the defendant employed sufficient men or had suitable apparatus. Negligence is not a necessary element to sustain a recovery. The plaintiff had a property right in the tree injured and the defendant was a trespasser, a wrongdoer.

Evidence was given upon the trial of the depreciation of the value of the plaintiff's premises and also of the cost of replacing the tree; and evidence was given as to the extent of the injury to the tree, which, upon any theory of the measure of damages, sustains the amount of actual damages awarded by the justice. The judgment may be modified by reducing the recovery to the amount of actual damages found by the justice, and judgment for that amount and the costs in justice's court is affirmed, without costs of this appeal to either party. Code Civ. Pro., § 3066, subd. 5.

Judgment modified accordingly, and, as modified, affirmed, without costs of appeal to either party.