WESTERN NEW YORK & P. TRACTION CO. v. STILLMAN.

(Supreme Court, Appellate Division, Fourth Department.  March 8, 1911.)

1. STREET RAILROADS (§ 28*)—CONSTRUCTION AND MAINTENANCE—RIGHTS IN STREETS.

Vested rights of a street railroad company to the use of a city street are subject to the reasonable use of the street for travel and other purposes.

[Ed. Note.—For other cases, see Street Railroads, Cent. Dig. § 39; Dec. Dig. § 28.*]

2. MUNICIPAL CORPORATIONS (§ 703*)—STREETS—USE AS HIGHWAY—MOVING BUILDING.

Whether the moving of a private building through a city street under permit from the city is a reasonable use of the street is a question of fact and usage in each particular case.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 1509–1513; Dec. Dig. § 703.*]

3. INJUNCTION (§ 163*)—DISSOLUTION—GROUNDS—IRREPARABLE INJURY.

· Where a street railroad company sues to enjoin interference with its wires and overhead construction by a person moving a building through a city street, and alleges irreparable injury, it has no ground for complaint when the order vacating the temporary injunction provides that the work of taking down and replacing its wires shall be done by its own employés, and that defendant shall pay the expenses. ·

[Ed. Note.—For other cases, see Injunction, Dec. Dig. § 163.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from Special Term, Cattaraugus County.

Action for injunction by the Western New York & Pennsylvania Traction Company against F. V. R. Stillman. From an order of the Supreme Court (68 Misc. Rep. 456, 124 N. Y. Supp. 246), vacating a temporary injunction, the plaintiff appeals. Affirmed.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, KRUSE, and ROBSON, JJ.

C. G. Bullis and A. J. Hastings, for appellant.
Dana L. Jewell and C. S. Andrews, for respondent.

WILLIAMS, J. The orders should be affirmed, with costs. The defendant, desiring to move a building through the streets of the city of Olean, procured leave from the city and was preparing to do the moving, when this action was brought and the preliminary injunction obtained, restraining the defendant from in any manner interfering with the wires and overhead construction of the plaintiff. The order appealed from vacated this injunction upon condition that notice be given to plaintiff, and it be allowed to handle the wires and construction with its own men, and that defendant pay all expenses and damages it might sustain.

*Very likely* the building has been moved in accordance with the terms of the order since the injunction was vacated. Something to that effect was stated at the time the case was argued, and I *suppose* it is true, though I do not find any such fact stated in the record or briefs. We may as well determine the appeals without reference to such consideration, inasmuch as the record is silent on the subject. The plaintiff claims it had vested rights in the streets, which the defendant, with the permission of the city itself, could not interfere with. N. Y. Steam Co. v. Foundation Co., 195 N. Y. 43, 87 N. E. 765, 21 L. R. A. (N. S.) 470. It is true it had vested rights; but what were the nature and extent of such rights? They were subject to the reasonable use of the streets by the public for travel and other purposes. Amer. R. T. Co. v. Hess, 125 N. Y. 641–645, 26 N. E. 919, 13 L. R. A. 454, 21 Am. St. Rep. 764; Brooklyn Elec. R. R. Co. v. Brooklyn, 2 A. D. 98, 101, 37 N. Y. Supp. 560.

It cannot be said that in all cases the moving of buildings through the streets is a reasonable or unreasonable use of the streets. For a great many years the streets of municipalities have been so used under reasonable restriction and control. In Olean such has been the usage. Hinman v. Clark, 121 App. Div. 105, 105 N. Y. Supp. 725, affirmed 193 N. Y. 640, 86 N. E. 1125. Each case must be considered by itself, and this question settled as one of fact in the particular case. We do not regard it as important upon this appeal to pass upon the question of fact as to reasonable use under the circumstances of this particular case. That should be left to be determined at the trial.

It was suggested that the damages were such as could not be fixed or measured in money, and were therefore irreparable. This claim is not well founded, and seems not to be pressed in this court seriously. The main damage was the expense of labor in taking down and re-

placing the wires. All the damages were provided for by the order. The order refusing a stay of proceedings was properly granted. If it would not continue the injunction, it would be of no advantage to the plaintiff. If it would continue it in force, it should not be granted, because the court desired to remove the injunction, so as to permit the building to be moved. All concur.