Independently of the question of the relator's laches, it seems clear that he is not entitled to maintain the writ of mandamus, but that his proper remedy is by an information in the nature of quo warranto. A serious question is presented by the briefs herein, as to the power of appointment by the single magistrate, and the question, so far as it has been decided at all, appears to have been decided adversely to the relator. That the scheme of the revised charter, as amended, is unconstitutional so far as regards the system attempted by which two methods of selection of city magistrates were provided for the different divisions of the city, was declared in People v. Dooley, 69 App. Div. 512, 75 N. Y. Supp. 350, affirmed 171 N. Y. 74, 63 N. E. 815; and that the appointment of a police clerk by a single magistrate is illegal appears to have been held by Mr. Justice Burr at the Special Term in Kings county in the month of September, 1905, in the Matter of Charles Kaiser v. John Naumer, as Magistrate, etc., unreported. In 1906, an application for a writ of mandamus to compel the appointment of a police clerk by a single magistrate was denied at Special Term and the order affirmed by this court, in the Matter of Philip Bux v. James G. Tighe, as Magistrate, etc., 113 App. Div. 920, 100 N. Y. Supp. 1108. It is unnecessary to decide the legal controversy. It is sufficient to show that it exists; as it was expressly held in People ex rel. Wren v. Goetting, Police Justice, etc., 133 N. Y. 569, 30 N. E. 968, that where the question of title turns upon the construction of statutory provisions which are not entirely clear and unambiguous, the right may not be determined in a mandamus proceeding, and the claimant must be remitted to his action in the nature of quo warranto. See, to the same effect, People ex rel. Lewis v. Brush et al., 146 N. Y. 60, 40 N. E. 502, where it was held that the writ of mandamus will not be granted upon the application of one claiming title to an office, for the purpose of determining the validity of his claim, where there is a serious question in regard thereto and another person is holding and exercising the functions of the office.

It follows that the interlocutory judgment should be affirmed.

Interlocutory judgment affirmed, with $50 costs and disbursements.

JENKS, P. J., and BURR, THOMAS, and CARR, JJ., concur.

---

SMITH v. COMMERCIAL CONST. CO.

(Supreme Court, Appellate Division, Second Department. June 29, 1911.)

MUNICIPAL CORPORATIONS (§ 663*)—CUTTING TREES ON STREET AND ON ABUTTING PROPERTY—LIABILITY.

Where defendant, in moving a building on a street, cut down trees on an abutting owner's side of the street and on his property, the abutting owner may sue for treble damages, under Code Civ. Proc. §§ 1667, 1668, authorizing treble damages for cutting down trees on the land of another.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 1440; Dec. Dig. § 663.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.

Appeal from Trial Term, Kings County.

Action by Charles D. Smith against the Commercial Construction Company. From a judgment for plaintiff, and from an order denying a motion for a new trial, made on the minutes, defendant appeals. Affirmed.

Argued before JENKS, P. J., and HIRSCHBERG, WOODWARD, BURR, and RICH, JJ.

Charles S. Taber, for appellant.

Eugene N. L. Young, for respondent.

HIRSCHBERG, J. The plaintiff is the owner in fee of two acres of land on Second street in Brentwood, Suffolk county. The land is bounded by the center of the highway, and is occupied by the plaintiff as a residence. It is heavily wooded, and at the time of the acts complained of there was a heavy growth of white and natural pine upon the street and within the line of the plaintiff's ownership. In the month of July, 1907, while the plaintiff was absent from his home, the defendant was engaged in moving a school building upon the street to land owned by it opposite the plaintiff's property, and in moving the building cut down a large number of trees on the plaintiff's side of the street and on the plaintiff's property. In the action brought under sections 1667 and 1668 of the Code of Civil Procedure, the plaintiff has recovered a verdict for $500 damages, which amount was trebled by the court.

On the question of the location and boundaries of the plaintiff's property, the nature and extent of the spoliation and the extent of the damages incurred, there was conflicting evidence, and many alleged errors in ruling by the trial court are presented in the appellant's brief. All the questions and points raised have been carefully examined, and no ground appears for a reversal. In the circumstances, the right of action is undoubted and has often been upheld. A somewhat similar case was early presented in McCruden v. Rochester Railway Co., 5 Misc. Rep. 59, 25 N. Y. Supp. 114, and the opinion of Mr. Justice Rumsey, rendered therein on a motion for a new trial, was adopted by the General Term (77 Hun, 609, 28 N. Y. Supp. 1135), and by the Court of Appeals (151 N. Y. 623, 45 N. E. 1133). See, also, Van Siclen v. Jamaica Electric Light Co., 45 App. Div. 1, 61 N. Y. Supp. 210, affirmed by the Court of Appeals (168 N. Y. 650, 61 N. E. 1135) on the opinion of Mr. Justice Hatch in this court, and Donahue v. Keystone Gas Co., 181 N. Y. 313, 73 N. E. 1108, 70 L. R. A. 761, 106 Am. St. Rep. 549.

The judgment and order should be affirmed.

Judgment and order unanimously affirmed, with costs.