PFOHL et al. v. RUPP et al.

(Supreme Court, Appellate Division, Fourth Department. March 3, 1915.)

TRESPASS ☞61—CUTTING TREES—TREBLE DAMAGES—STATUTES.

Under Code Civ. Proc. §§ 1667, 1668, authorizing treble damages where a person cuts down any tree on the land of another without the owner's leave, one entitled to recover for cutting trees within a public highway, on which his premises abut, may not recover treble damages.

[Ed. Note.—For other cases, see Trespass, Cent. Dig. § 147; Dec. Dig. ☞61.]

Appeal from Trial Term, Erie County.

Action by Henry P. Pfohl and another against John P. Rupp and another. From a judgment for plaintiffs, and from an order denying motion for new trial made on the minutes of the court, defendants appeal. Modified and affirmed.

See, also, 163 App. Div. 938, 148 N. Y. Supp. 1138.

Argued before KRUSE, P. J., and ROBSON, FOOTE, LAMBERT, and MERRELL, JJ.

H. W. Huntington and Andrew T. Beasley, both of Buffalo, for appellants.

Mark P. Kerr, of Lancaster, for respondents.

PER CURIAM.   This action was for trespass in cutting without plaintiffs' consent two shade trees, which plaintiffs alleged were at that time growing upon their land.   Treble damages were demanded in the complaint.   The defense was a general denial.

The court seems to have instructed the jury to the effect that one of the theories upon which plaintiffs might be found entitled to a recovery of damages was that, though the trees may at the time they were cut have been growing upon premises the fee of which was not in plaintiffs, yet if they were found to be within the limits of a public highway, upon which plaintiffs' premises abutted, and if their destruction was not necessary for the purpose of improving the highway, plaintiffs might still be entitled to damages for the destruction of the trees.   Donahue v. Keystone Gas Co., 181 N. Y. 313, 73 N. E. 1108, 70 L. R. A. 761, 106 Am. St. Rep. 549.   If the jury adopted this theory in awarding damages, then the damages awarded were for the loss of plaintiffs' easement in the trees, and not for cutting trees which plaintiffs owned.   It seems that such damages, which are necessarily confined to the actual damages sustained, may be recovered in an action brought for treble damages under sections 1667 and 1668 of the Code of Civil Procedure.   Dubois v. Beaver, 25 N. Y. 123, 82 Am. Dec. 326.   But in such case the recovery is not had as owner of the trees cut, which is a prerequisite to the right to recovery of treble damages under the Code sections above referred to. So far as applicable to the present action, these sections provide only that treble damages may be recovered in a case where a person "cuts down * * * any * * * tree * * * on the land of another without the owner's leave."   Kellar v. Central Telephone & Telegraph Co., 53 Misc. Rep. 523, 105 N. Y. Supp. 63.

The judgment should be reversed, and a new trial granted, with costs to appellant to abide event, unless the plaintiffs, within 20 days after the entry of the order herein and notice of entry thereof, stipulate that the judgment may be amended as of the date of entry thereof by striking therefrom all provisions as to the award of treble damages, and that the damages awarded thereby be reduced to the sum of $150, in which case the judgment, as so modified, is affirmed, without costs of this appeal to either party.

---

(166 App. Div. 547)

## In re OSBORNE.

(Supreme Court, Appellate Division, Second Department.   March 12, 1915.)

⊕⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes