(96 Misc. Rep. 60)

### NEW YORK TELEPHONE CO. v. DITTMAN et al.

(Supreme Court, Special Term, Kings County.    June 26, 1916.)

1. TELEGRAPHS AND TELEPHONES ☞10(4)—RIGHT TO CROSS HIGHWAY WITH
WIRES—STATUTE.
   A telephone company incorporated under Transportation Corporations
Law (Consol. Laws, c. 63) § 102, received direct from the state a fran-
chise to use the public highways for aerial lines, so that it had the
right to string wires along a highway without franchise or permission
from local authorities.
   [Ed. Note.—For other cases, see Telegraphs and Telephones, Cent. Dig.
§ 6; Dec. Dig. ☞10(4).]

2. TELEGRAPHS AND TELEPHONES ☞10(10)—RIGHT TO CROSS HIGHWAY WITH
WIRES.
   The right of a telephone company, incorporated under Transportation
Corporations Law, § 102, to carry wires across a highway without fran-
chise or permission from the local authorities, is subject to the reasonable
use of the streets by the public for travel and other purposes, and the
company must locate its poles so that they will not interfere with or in-
jure unnecessarily or unreasonably the use of the highway by the travel-
ing public.
   [Ed. Note.—For other cases, see Telegraphs and Telephones, Cent. Dig.
§ 6; Dec. Dig. ☞10(10).]

3. HIGHWAYS ☞89—USE IN MOVING BUILDINGS.
   The right to use the highways for moving buildings exists independent-
ly of statute, being a natural right, which may be exercised, unless re-
stricted by statute or ordinance.
   [Ed. Note.—For other cases, see Highways, Cent. Dig. §§ 294, 295, 299;
Dec. Dig. ☞89.]

4. HIGHWAYS ☞89—INTERFERENCE WITH TELEPHONE WIRES—MOVING HOUSE.
   Injunctive relief will be denied a telephone company, incorporated
under Transportation Corporations Law, § 102, to restrain persons mov-
ing a house 29 feet high along the highway, after having secured a per-
mit as prescribed by Highway Law, § 53a, as added by Laws 1910, c. 567,
from interfering with the telephone company's wires strung along the
highway 19 feet above the ground, since the removal of the building is
a reasonable use of the highway, and cutting the wires will not irrep-
arably damage the company.
   [Ed. Note.—For other cases, see Highways, Cent. Dig. §§ 294, 295, 299;
Dec. Dig. ☞89.]

Motion for injunction by the New York Telephone Company against
August Dittman and others.  Motion denied.

Chas. T. Russell, of New York City (Arnold W. Sherman, of New
York City, of counsel), for the motion.
Clock & Seaman, of Freeport, opposed.

CROPSEY, J.   This is a motion for an injunction restraining the
defendants from interfering with the wires of the plaintiff.   These
wires are strung along a public highway in Islip, along which highway
the defendants are moving a building, and are 19 feet above the
ground; the building being 29 feet high.   The defendants threaten to
cut plaintiff's wires unless plaintiff raises or removes them.   These
facts are undisputed.   There is dispute as to whether the highway is

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

a county or town highway, whether the removal of the building is an ordinary use of the street, and whether plaintiff's wires with very little trouble can be raised enough to permit the building to pass.

On the papers submitted, there seems to be no doubt that the street is a town road, and not a county one. The defendants have the proper permit required by section 53a of the Highway Law as added by Laws 1910, c. 567. Their papers allege that the poles on which the wires are strung are high enough to permit the building to pass, if the wires are raised. This allegation is not denied, but plaintiff does dispute that the wires can be raised.

[1, 2] The defendants challenge plaintiff's right to have its wires across the highway, claiming it has no franchise or permission from the local authorities, and hence no right to maintain them there; but this claim is not well founded. Plaintiff was incorporated under section 102 of the Transportation Corporations Law (Consol. Laws, c. 63), under which it received direct from the state a franchise to use the public highways for its aërial lines. Barhite v. Home Tel. Co., 50 App. Div. 25, 31, 32, 63 N. Y. Supp. 659; State Line Tel. Co. v. Ellison, 121 App. Div. 499, 106 N. Y. Supp. 130; Bailey v. Bell Telephone Co., 147 App. Div. 224, 226, 131 N. Y. Supp. 1000. This right, however, is "subject to the reasonable use of the streets by the public for travel and other purposes." Western N. Y. & Pa. T. Co. v. Stillman, 143 App. Div. 717, 718, 128 N. Y. Supp. 363, 364. See, to same effect, A. R. T. Co. v. Hess, 125 N. Y. 641, 26 N. E. 919, 13 L. R. A. 454, 21 Am. St. Rep. 764; Brooklyn El. R. R. Co. v. City v. Brooklyn, 2 App. Div. 98, 37 N. Y. Supp. 560.

"In availing itself of this authority the company must locate its poles so that they will not interfere or endanger unnecessarily or unreasonably the use of the highways by the traveling public, which is its paramount purpose." Bailey v. Bell Telephone Co., supra.

The statute (section 52 of Highway Law, as amended by chapter 196, Laws of 1914) makes "telegraph, telephone, trolley and other poles, and the wires connected therewith, erected within the bounds of the highway in such a manner as to interfere with the use of the highway for public travel," obstructions. And the same section makes it the duty of a telephone company "to remove and reset" its poles and "and the wires connected therewith, when the same constitute obstructions to the use of the highway by the traveling public."

[3] The right to use the highways for moving buildings is not dependent upon statute. It is a natural right, and may be exercised, unless restricted by statute or ordinance. Hinman v. Clarke, 121 App. Div. 105, 105 N. Y. Supp. 725, affirmed 193 N. Y. 640, 86 N. E. 1125. The only restriction in question here is that prescribed by section 53a of the Highway Law, which requires a permit to be obtained. With this defendants have complied. There is nothing in the papers on this motion to justify the finding that the moving of the building in question is unusual, or an unreasonable use of the highway. On the contrary, it would seem not to be. The height of the building, 29 feet, is certainly not extraordinary. It is not even unusual.

Moreover, the plaintiff's claim that it would be irreparably damaged

if its wires were cut is not well founded. Western N. Y. & Pa. T. Co. v. Stillman, supra. Whether the plaintiff would have a cause of action for damages against the defendants, if they should cut its wires, need not now be determined. See N. Y. Steam Co. v. Foundation Co., 195 N. Y. 43, 87 N. E. 765, 21 L. R. A. (N. S.) 470; Brooklyn El. R. R. Co. v. City of Brooklyn, supra.

[4] The case of Frontier Telephone Co. v. Hepp, 66 Misc. Rep. 265, 121 N. Y. Supp. 460, relied upon by plaintiff, does not support its contention for injunctive relief. There the telephone company had a local franchise to lay its wires underground, and the decision was merely that any one who damaged its conduits was liable in damages as for a trespass. The injunction sought by the plaintiff is an absolute one, restraining the defendants from interfering in any way with its wires. It is not sought upon any condition. The plaintiff's claim is that it has the right to have the wires where they are, and that defendants cannot move their building along that highway, except with plaintiff's consent, to be given upon such terms as it deems proper.

The plaintiff has the right to maintain its wires across this highway, but has not the exclusive right to the highway, and cannot obstruct the reasonable use of it for other purposes. The removal of the building seems to be a reasonable use of the highway, and as the defendants have complied with the law, and are authorized to move the building, they should not be restrained.

Motion denied.