MAY PATTEN WHITE, Plaintiff, *v.* JOSEPH BERRY and Another, Defendants.

Supreme Court, Broome County, October 31, 1927.

Municipal corporations — streets — destruction of trees in street by private individual for private benefit is unreasonable use of highway — municipality has no power to authorize such destruction — action for damages for cutting shade trees in front of premises in order to facilitate moving house through street — defense that city is owner of fee in street stricken out as insufficient in law.

The destruction of trees along the street of a municipality by a private individual for private gain is an unreasonable and improper use of a highway. Furthermore, a municipality cannot authorize the destruction of trees for the benefit of a private individual in the furtherance of his private business enterprises.

Accordingly, in this action for damages for cutting shade trees standing between the sidewalk and the curb in front of plaintiff's premises, in order to facilitate the moving of a house through the street, an affirmative defense in defendants' answer should be stricken out as insufficient in law, where they allege that the city owned the fee in the street and that by reason thereof plaintiff has only a qualified interest in the nature of an easement in the trees.

ACTION to recover damages for cutting two shade trees which stood in front of plaintiff's premises, between the sidewalk and the curb.

*Sherman & Chernin*, for the plaintiff.

*Merchant, Waite & Waite*, for the defendants.

RHODES, J. Plaintiff brought this action to recover damages for cutting two shade trees which stood in front of her premises, between the sidewalk and curb, on Beethoven street in the city of Binghamton, N. Y. The defendants interposed an answer containing an affirmative defense and now move for an order compelling plaintiff to serve a reply thereto. Plaintiff has interposed a cross motion asking that said defense be stricken out as insufficient in law. The determination of the motions, therefore, depends upon the sufficiency of the said defense which is attacked, and for the purpose of this motion the allegations thereof must be deemed true. It is alleged in the defense that the city owns the fee of the street in question

and it would, therefore, follow that the plaintiff has only a qualified interest in the nature of an easement in the shade trees standing in front of her premises between the sidewalk and the curb line. (See *Pfohl* v. *Rupp*, 166 App. Div. 630; *Donahue* v. *Keystone Gas Co.*, 181 N. Y. 313.) It is also alleged in said defense that by the general ordinances of the city of Binghamton permission must be obtained of the common council for the moving of buildings through the streets of the city, and that defendant Berry obtained permission from the common council of the city of Binghamton, pursuant to the requirements of said ordinances, by which he was authorized to remove a dwelling house which stood at the southeast corner of Main and Beethoven streets, through Beethoven street to No. 144 Beethoven street, a distance of about 100 feet. The lot to which the house was to be removed is on the east side of said Beethoven street. The permission was conditioned upon the work being done without any expense to the city, and upon the condition that the defendant Berry should give a bond in the penal sum of $2,000 indemnifying the city from all claims, actions or liabilities whatsoever arising directly or indirectly from said work, and also to indemnify said city from any and all damages to the pavement, street, curb or sidewalk, or other city property, which might arise directly or indirectly from said work. There was no express permission given by the common council authorizing the defendant to cut down any trees. It appears that the defendant Semon owned the vacant lot upon which the dwelling was to be placed. The defendant Berry owned the lot at the southeast corner of Main and Beethoven streets upon which the house originally stood, and entered into the arrangement with the defendant Semon whereby Berry was to cause the house to be moved and placed upon Semon's said lot No. 144 Beethoven street. In moving the dwelling house along the street, the house occupied not only the macadamized portion of the street, but also extended over the curb, gutter and sidewalk in front of plaintiff's premises, and in order to proceed with the moving it became necessary for the defendant Berry to cut down the two elm trees in question. Before the trees were cut down, plaintiff appealed to the mayor, commissioner of public works, assistant corporation counsel and chief of police, seeking a revocation of said permit and protection through the police department, preventing the cutting of said trees. Plaintiff was notified and advised that said trees stood within the bounds of said street and that in order to move the said building along said street, the trees would have to be cut and that said permission would not be revoked by said police authorities nor would protection be given against the cutting of said trees. It is

also alleged that the removal of said building through the street was a street use and for a street purpose and that the city by granting said permit under the conditions imposed, thereby authorized and empowered defendant Berry to cut and remove said trees. It is conceded by the attorneys for the respective parties that the moving of buildings through a public street is a street use (see *Hinman* v. *Clarke*, 121 App. Div. 105), and the defendants concede that an abutting owner has a qualified interest in trees between the curb line and sidewalk where the fee is in the city, such interest being in the nature of an easement, and that a wrongdoer damaging said trees would be liable therefor to the abutting owner. But the defendants insist that this qualified interest must yield to the superior rights of the city where it is necessary for public use. All this may be conceded and yet I think the defendants must fail in their defense. A vehicle, such as an automobile or truck, obviously has the right to pass over a street in the exercise of the use thereof for street purposes, but it seems clear if any such vehicle should be so negligently or wrongfully operated as to injure trees along the side of the street, this would subject the wrongdoer to liability for damages accruing. As was said by Judge VANN in *Donahue* v. *Keystone Gas Co.* (*supra*): "Every one has a right to use a public street, but no one has a right to stand in front of another's residence and play a hurdy gurdy or fog horn hour after hour and day after day to the annoyance of the owner and his family. That would be a trespass, even if the offender did not touch the property of the abutting owner, whose right to damages could not be questioned." In *Lane* v. *Lamke* (53 App. Div. 395) a horse standing in the street had injured the bark on certain trees in front of premises of the plaintiff. The ownership of the land upon which the trees stood was in the municipality. It was held that the owner of the trees was entitled to damages. In that case the defendant, of course, had the right to the use of the street in so far as to drive his horse over it. But it was held that this right to use the street did not permit the defendant to cause damage to the trees of the abutting owner. In that case the court said: Such an owner "is entitled to have such trees protected against negligent or willful destruction at the hands of third parties." It may be that the city would have the right to cut down and remove such trees for the purpose of street improvement, such being for public use and benefit, but it seems to me that when the city granted permission to the defendant Berry to move the building along the street, such permission was for the private benefit and advantage of the defendant and was

not for a public purpose even though the moving of the building was a proper street use. It certainly was not for the benefit of the public generally, but was for the benefit of the defendant in the prosecution of a private business enterprise. I do not think that the city had the power to authorize the invasion of this property right or interest for such a purpose and I do not think the defendant, even though clothed with the sanction of the city, could thus invade the defendant's property right without making adequate compensation therefor. It is true that a public service corporation having a franchise to use the streets, may, in a case of necessity, trim and cut trees without liability to the abutting property owner. (See *Van Siclen* v. *Jamaica Electric Light Co.*, 45 App. Div. 1; *Adams* v. *Syracuse Lighting Co.*, 137 id. 449.) But that is because the removal of the trees is necessary to the carrying on of a purpose which is *quasi* public and is a development of the street for one of the uses and purposes for which it is intended and dedicated. In the *Van Siclen* case it was held that trees could not be cut down or removed by the defendant lighting company except it showed an existing necessity therefor in the fulfillment of its contract and the enjoyment of its franchise, and that where some other method might be adopted which would save the trees, even though not so convenient for the lighting company, the matter of inconvenience would not justify interference with the trees. In the present case the cutting of the trees was for the individual benefit of the defendants in connection with a single transaction. It seems to me that the defendants, as private individuals, were wrongdoers when they cut the trees, even though such cutting was necessary to permit the moving of the building along the street, and even though the moving of the building along the street was a lawful street use. In other words, the manner in which the building was removed was an improper and unreasonable exercise of the right to the use of the streets.

In *Hickok* v. *City of Mount Vernon* (145 App. Div. 599) a permit had been given by the defendant city authorizing plaintiff to move buildings through the streets. In carrying on the work the plaintiff did cut down certain trees, whereupon the city revoked the permit and plaintiff then sued the city for damages for such revocation. A verdict in favor of plaintiff was reversed and the court said: " While the plaintiff, under reasonable restriction to respect the safety of the street and its incidents, was entitled to move his house, his contention that interrupting shade trees along the way must fall before him, or their limbs be cut off for thirty feet in height, to permit his passage, presents a claim to superior right of way to which assent is not given."

Defendants place particular reliance upon the case of *Kingsley v. Pounds* (96 Misc. 27). That was a motion for an injunction to restrain the president of the borough of Brooklyn from issuing a permit for the removal of a house through a street, upon the ground that such removal would injure trees and shrubs planted in the parking in the center of the avenue. In that case the proposed permit contemplated giving the express right to remove the trees and shrubbery in the process of moving the building. The injunction was denied, but the opinion states that if the intervening defendants (those who were to move the buildings) or others sought to destroy the trees or shrubs in question, without the authority of the city, the plaintiff, without question could have redress either by enjoining the threatened acts or in an action for damages if they had taken place. The injunction was apparently refused upon the ground, among others, that the plaintiff, an abutting owner, had no right to damages caused to the trees and shrubbery in an action where the city had authorized their removal. In the case at bar no such express permission was given. The case last cited certainly supports defendants' contention, but I do not regard it as controlling in the light of the decisions of the higher courts upon the subject. A case which seems to accord more nearly with the enunciated principles is *Richards v. Dauch* (162 N. Y. Supp. 193; 196 N. Y. St. Repr. 193). There a motion was made by plaintiffs to restrain the defendants from moving a building down the highway, the result of such operation being the destruction of shade trees in the path of the building. The court said: " I think the use which the defendants are making of the street is entirely unreasonable and improper. Granted that the right to use the highways for the purpose of moving buildings is a natural right, and not dependent upon statute, as recently decided by Judge CROPSEY in *N. Y. Telephone Co. v. Dittman* [96 Misc. 60, Special Term, Kings county, June 27, 1916], still natural rights must be exercised with due regard to the rights of others." The court further said: " As suggested, it is a most unusual and disastrous course of conduct for the private benefit of the defendants at the expense of their neighbors."

I think that case states the correct principle, which is, that a private individual is entitled only to the reasonable and proper use of the highway, and that the destruction of trees along the street by a private individual for his private benefit is an unreasonable and improper use of the highway; that the city has no power to authorize the destruction of the trees for the benefit of a private individual in the furtherance of his private business enterprises, and that such trees can only be removed or destroyed when

necessary for the improvement of the street or for the benefit of the public in carrying out a public purpose.

The defendants' motion for an order compelling the plaintiff to serve a reply should be denied, and plaintiff's motion for an order striking out the said defense in said answer as insufficient in law upon the face thereof should be granted, with ten dollars costs to the plaintiff.