■ TON-DA-LAY, LTD, et al., Appellants, v RALPH FRIEDMAN, as President and Treasurer of the Kildare Club, et al., Respondents.—Appeal from so much of a judgment of the Supreme Court at Special Term, entered July 23, 1979 in Franklin County, as granted defendants' motion for summary judgment dismissing the fourth and fifth causes of action in the complaint. Organized in 1882, the Kildare Club manages property, hereinafter referred to as the Kildare Tract, owned by some of its members in St. Lawrence County. In 1972, plaintiffs acquired a tract of land, the Franklin King Tract, in the Town of Altamont, Franklin County, which adjoins the Kildare Tract. For over 100 years, the Kildare Club's only access to the Kildare Tract in St. Lawrence County has been provided by roads crossing the Franklin King Tract in Franklin County. In this action, plaintiffs challenge the Kildare Club's use of certain access roads. The complaint originally set forth five causes of action. This appeal is concerned solely with the propriety of Special Term's dismissal of the fourth and fifth causes of action on the ground that no factual issues exist. In our view, there should be an affirmance. In its fourth cause of action, plaintiffs allege that a certain access road was unlawfully constructed by the Kildare Club; they seek resulting damages to timber. However, as Special Term properly held, this cause of action has no merit. The access road at issue is precisely as described in the mutual easement agreement entered into between the Kildare Club and plaintiffs' predecessor in title. Plaintiffs' contention, made for the first time in their opposing affidavits, that the Kildare Club built and is using an unauthorized access road is without merit. There is no factual

basis for this claim; it is supported only by plaintiffs' assertion that "possibly" the Kildare Club is using the wrong road. Additionally, the access road at issue was constructed in 1954 and the cutting of any timber occurred long before plaintiffs acquired their interest in the Franklin King Tract in 1972. As a matter of law, therefore, plaintiffs may not recover treble damages under section 861 of the Real Property Actions and Proceedings Law for the cutting of timber it did not own (see *Pfohl v Rupp,* 166 App Div 630). Finally, the fourth cause of action is barred by the Statute of Limitations. The access road was constructed in 1954 and the record reveals that no tree cutting has since taken place. Since no limitation of time pertains specifically to actions under section 861, a six-year Statute of Limitations governs (CPLR 213). This action was not commenced until 1975 and, therefore, the fourth cause of action is time barred. Plaintiffs' contention that there has been recent damage within the statutory period has no factual support in the record. In its fifth cause of action, plaintiffs alleged that the Kildare Club, in conjunction with defendant New York Telephone Company, installed an underground telephone line through land allegedly owned by plaintiffs. Treble damages are sought for the removal of timber. Like the fourth cause of action, the fifth was dismissed properly. While all of the evidence demonstrates that no timber was removed, in any event, plaintiffs did not own the trees allegedly cut. The telephone line was installed in 1962. Since plaintiffs did not acquire title to the Franklin King Tract until 1972, they were not the owners of the trees which were allegedly cut and, as with the fourth cause of action, cannot recover under section 861 *(Pfohl v Rupp,* 166 App Div 630, *supra).* Moreover, as discussed in connection with the fourth cause of action, the Statute of Limitations has run. Judgment affirmed, without costs. Mahoney, P. J., Greenblott, Sweeney, Kane and Casey, JJ., concur.